## SUPREME COURT

SHERMAN AND COLLINS agt. BUSHNELL AND BUSHNELL.

CASEWELL, CASEWELL AND MCKENZIE agt. SAME.

An answer which denies on oath, that the defendant "has any knowledge or information sufficient to form a belief, that the payee endorsed and delivered the note to the plaintiff," intended to meet a corresponding allegation in the complaint, *is a material part of the issue ;* and comes within one of the alternatives allowed by § 149 of the Code.

It can not be stricken out as *sham,* because it is sworn to, and there is no new matter set up. And besides, it is a mere denial of an allegation of the complaint, in a form allowed by the Code.

*New York General Term, October* 1852—*Justices* EDWARDS, MITCHELL and ROOSEVELT. *Appeals from the orders of New York Special Term of August* 30, 1852, *striking out the answers of Harry Bushnell as sham, &c.* The complaints were on two notes made by Harry Bushnell, and endorsed by Geo. W. Bushnell. The defendant Harry Bushnell appeared and answered in each action, and denied that he had " any knowledge or information sufficient to form a belief" in respect to each allegation in said complaints, except as to the making of said notes.

On the pleadings and on the affidavits of the plaintiffs, showing for what the notes were given, motions were made in each cause and orders granted striking out said answers as sham, frivolous and irrelevant. The defendant appealed. The pleadings were verified.

JOHN DEAN, *for Appellant.*

C. ELLIS, *for Respondent.*

By the Court, MITCHELL, Justice.—The defendant, H. Bushnell, by his answer substantially admits that he made the note sued on, but denies that he has any knowledge or information sufficient to form a belief that the payee endorsed and delivered it to the plaintiffs. This is a material part of the issue. The plaintiffs obtained an order at the special term striking out the answer as sham, because affidavits were produced which made it very pro-

bable that defendant did know that the payee had so endorsed it. On appeal the plaintiffs contend that a defendant must answer as of his knowledge as to matters which it is presumed are within his knowledge. This is to overturn the privilege given him by the Code, which is in the alternative to deny the plaintiff's allegation or to deny " any knowledge or information thereof, sufficient to form a belief" (Code, § 149). If a different rule has been adopted in courts, other than the Supreme Court, it seems too clearly at variance with the law to be followed. Next, it is said the answer is sham, because it is to be inferred that it is false, and known to the defendant to be so. That is a part and only part of the definition of a sham answer; it omits the essential part of the definition, viz: that the answer sets up new matter. Accordingly, under the old system the general issue, which was a mere negation, was never treated as sham, but only those pleas which had no foundation in the facts of the case, but only in the ingenuity and imagination of the attorney (Broome Co. Bank vs. Lewis, 18 Wend. 566). It was this ingenuity and invention which was the evil to be corrected, and which could not be alleged against a mere denial, whether of one or all of the allegations in the complaint. Ingenuity and invention can be predicated only of new matter introduced. The word sham may apply to any thing active, not to mere denial: a sham fight, in which the action was all on one side, would not be more extraordinary than a sham answer which merely puts in issue the allegation of the plaintiff without setting up new matter. The term, " sham plea " was well known when the Code was adopted (instances of those pleas may be found in 1 Chitty Pl. 575); and it had obtained a precise legal meaning, applicable only to pleas of new matter; and in that known and established sense it was used in the Code. This answer was also sworn to; for that reason also, as was held at the general term of this court in Mier vs. Cartlidge (8 Barb. S. C. Rep. 75), it ought not to be regarded as sham.

The order appealed from is reversed, without costs.