## SUPREME COURT.

THOMAS WALKER President of the Bank of Utica, agt. HENRY B. HEWITT.

*One design of the legislature in enacting the Code, was to introduce truthfulness into pleadings.* (See Dunning agt. Thomas, ante page 281.)

*An answer which merely puts in issue the allegations of the complaint, either by a direct denial, or by a denial of all knowledge of any information sufficient to form a belief in relation to them, may be stricken out as false.* The general issue is abolished; and the object of the Code is, to require each party to state the facts upon which he relies, and to bring the litigants to an issue upon the facts really controverted. (As sustaining this view, see Nichols agt. Jones, 6 How. Pr. R. 355; Conklin agt. Vandervoort, 8 id. 453; Mier agt. Cartledge, 8 Barb. 75; Richardson agt. Wilber, 4 Sand.

708; *Henry* agt. *Rogers,* 9 *How. Pr. R.* 215; *Flammer* agt. *Kline, id.* 216; *and Henry* agt. *Brown, id.* 217.)

An *answer,* although *verified,* denying knowledge or information of the matters alleged in the complaint, *may be stricken out, upon proof of its falsity.* And when good reason is shown for believing such an answer to have been but in untruly, and in bad faith, the party should be required to support it by a *special affidavit,* showing its propriety under the circumstances of the case (*See cases last cited.*)

If a defendant, in making his denial, has *any knowledge,* he must state it. If he has no knowledge, he may so state, and that he has not *sufficient information to form a belief.* But where he denies that he has not *sufficient* knowledge or information to form a belief, it is insufficient.

### *Oneida Special Term, March,* 1855.

THE complaint was on a promissory note, made by the defendant, to the order of Godard & Hovey, and endorsed by them, A. Miller, and J. V. P. Gardner, and contained an allegation that the note was, " before it became and fell due, delivered to, and discounted by, the Bank of Utica, in its ordinary course of business."

The answer alleged that the note was executed by the defendant for the accommodation of Godard & Hovey, and left with them, upon their agreement that the time of payment (which was left in blank) should be filled up with some day not more than sixty days distant from the date of the note; that instead of that they filled up the blank so as to make it payable at 120 days, and failed in the interval between the 60 and the 120 days; and that Miller obtained the note from them in payment of a prior indebtedness, and with notice of the facts. It contained also the following allegation: " And whether the said note was, before due, discounted by the Bank of Utica in its ordinary course of business, this defendant has not sufficient knowledge or information to form a belief, and therefore prays to be taken as denying the same, and alleging that said bank took the said note with full knowledge of all the facts aforesaid."

On an affidavit of the cashier, that the defendant had, since the maturity of the note, admitted to him that the note was a valid claim in the hands of the bank, and had promised to pay it if the bank would extend the time of payment, the plaintiff moved to strike out this answer as sham and also as irrevelant.

M. H. THROOP, *for motion.*

R. CONKLING, *opposed.*

W. F. ALLEN, Justice. 1 entered upon the examination of this motion with a desire to ascertain what was the practice established by the decisions of the courts under the provisions of the Code, authorizing the court to strike out pleadings and parts of pleadings, upon motion. But a brief reference to a few of the many reported cases, satisfied me that it would be impossible to extract from them, as a body, any rule which I could apply to this or any case similarly situated; and that the decisions were so entirely conflicting, and therefore unsatisfactory, that the practice might well be said to be *res integra* to each judge who chose to investigate it. As reasons for any conclusion to which I may come, and any proposition which I may lay down, will be found in some of the reported cases, I will not undertake to elaborate the propositions which I think embody a reasonable construction of the parts of the Code under review, and which I will state, so far as they are applicable to this case.

1. The design of the legislature in enacting the Code was, to introduce truthfulness into the pleadings; and to this end they have provided for the verification, by the oath of the party, of pleadings in certain cases, and have authorized sham answers and defences to be stricken out on motion.

2. It has been sought to reduce the matter in issue to as few points as practicable, and to disencumber the pleadings of all extraneous and irrelevant matter, and to make them what they should be, a concise and plain statement of the facts relied upon to support and defend the action ; and to accomplish this, it is provided that all allegations in a pleading to which an answer is proper, not controverted, shall be deemed admitted; and that the court may strike out all irrelevant and redundant matter. That the attempt at conciseness and brevity in pleading has signally failed, is conceded ; but the failure is to be attributed to the inattention or other fault of the practitioner,

rather than the Code itself, except so far as the system, in omitting to provide a ready remedy or adequate penalty for rambling and incoherent statements in pleadings, invites and encourages a careless and unlawyer-like method of pleading.

3. Untenable defences, and those interposed for delay, are discouraged by the provision allowing frivolous answers to be stricken out on a short notice, and judgment to be given forthwith in the action.

4. The motion in this case is founded upon the 152d section, which authorizes sham and irrelevant answers to be stricken out. By irrelevant, I understand, an answer entirely foreign, not applicable to the action, as would be an attempt to set-off a debt arising upon contract in an action for assault and battery, or *vice versa;* or the allegation, as a defence of any matter which, though true in fact, has no reference to, or effect upon, the cause of action. If this should be the character of the entire defence interposed to the action, it would be frivolous, and judgment might be given for the plaintiff under the 247th section; but if it was only one of several answers or defences, it might be stricken out under the 152d section; and if it was improperly alleged as a part of another defence, otherwise good, it might be stricken out as irrevelant or redundant under the 160th section. This defence is not irrelevant within the meaning I have given that term.

5. A "sham" defence or answer, as that word is defined by lexicographers, and as it was understood at the time of the adoption of the Code, as applied to pleadings, is one that is false in fact, although perhaps good in form. It may be that a defence is both false in fact and insufficient or frivolous in law, but it is only as a false, counterfeit, or pretended defence, that it may be stricken out under this provision. Ample provision is made elsewhere for dealing with answers and defences which are frivolous or insufficient in law. (*Nichols* agt. *Jones*, 6 *How. Pr. R.* 355; *Miner* agt. *Sickles*, 9 *id.* 217.)

6. The gist of the answer under consideration, as far as it tends to establish a defence to the action upon the note in favor of the present plaintiff, is the attempt at a denial of the title of

the Utica bank to the note.   There would be great difficulty in upholding the answer as a defence to the action, if the objection now taken was disposed of, for two reasons; 1st. It is extremely doubtful, whether the title of Miller to the note is at all impeached by the answer; and, 2d. The title of Gardner, under whom the Bank of Utica apparently takes, is not even questioned.   But these questions are not properly before me.

7. I am of the opinion, that an answer which merely puts at issue the allegations of the complaint, either by a direct denial, or by a denial of all knowledge of any information sufficient to form a belief in relation to them, may be stricken out as false. We cannot reason by analogy from the practice under the former system.   The general issue is abolished, and the object is to require each party to state the facts upon which he relies, and to bring the litigants to an issue upon the facts really controverted; and although the decisions are conflicting upon this point, and those adverse to my opinion are entitled to high respect, I am constrained to yield my assent to those which hold in accordance with the proposition stated.   (*Conklin* agt. *Vandervoort*, 8 *How. Pr.* 483; *Mier* agt. *Cartledge*, 8 *Barb.* 75; *Richardson* agt. *Willen*, 4 *Sandf.* 708; *Nichols* agt. *Jones*, *supra;* *Henry* agt. *Rogers*, 9 *How. Pr. R.* 215; *Flammer* agt. *Kline*, *id.* 216; *Henry* agt. *Brown*, *id.* 217.)

8. Without at this time deciding whether a new and affirmative defence may be striken out as false when properly verified, I am of opinion that an answer, although verified, denying knowledge or information of the matter alleged in the complaint, may be stricken out upon proof of its falsity.   The party verifying his pleadings is entitled to the oath of the party in answer; and to aver a want of the requisite knowledge or information to form a belief falsely, is a wicked evasion of this salutary provision of law; and as it is an evasion easily resorted to for unworthy purposes, it should not be countenanced; and whenever it is made to appear that it is untrue in fact, and that the matters alleged in the complaint are true, and so known or believed by the party answering, the *quasi* denial should be stricken out; and when good reason is shown for believing

such an answer to have been put in untruly and in bad faith, the party should be required to support it by a special affidavit sustaining it, and showing its propriety under the circumstances of the case. (*See cases last cited.*)

9. In this case the answer should be stricken out. (1.) It is not sufficient as a denial of the plaintiff's title to the note. The defendant simply denies tnat he has *sufficient* knowledge, &c. He is required to deny *any* knowledge. (*Code*, § 149.) If the defendant has any knowledge, he must state it. If he has no knowledge, he may so state, and that he has not *sufficient information to form a belief*. (2.) The affidavit of the cashier of the Utica bank shows that the defendant had information, which he did believe, and was ready to act upon, in respect to the title of the bank to the note, and this affidavit is uncontroverted. It devolved upon the defendant to explain why it was that he now doubts the title of the plaintiff, after having once been fully informed upon the subject, and admitted it to be good.

The impression is very strong upon my mind, that the defence is a sham defence, interposed for delay.

The motion must be granted, with $10 costs.