# ABBOTTS'

# PRACTICE REPORTS.

## NEW-YORK.

### LEACH a. BOYNTON.

*Supreme Court, Tompkins Special Term ; April,* 1856.

PLEADING.—SHAM AND FRIVOLOUS ANSWERS.

The defendants deny in their answer, any knowledge or information sufficient to form a belief of allegations in the complaint which are presumptively within their personal knowlege, does not render the answer *frivolous*.

Such an answer may be shown to be false and be stricken out as *sham ;* but the plaintiff cannot have judgment on the ground that it is *frivolous.*

A *frivolous* answer is one that does not contain any defence to any part of the plaintiff's cause of action ; and its insufficiency as a defence, must be so glaring that the court can determine it upon a bare inspection without argument.

A *sham* answer is one which is false.

It is well settled that a denial by a defendant of any knowledge or information sufcient to form a belief, respecting material allegations in the complaint, forms a material issue, which compels the plaintiff to prove such allegations on trial.

Application for judgment on frivolous answer.

*B. F. Tracy,* for plaintiff.

*James L. Woods,* for defendants.

BALCOM, J.—The plaintiff makes application upon a five days' notice under section 247 of the Code, for judgment in this action, on the ground that the answer is frivolous.

The complaint states that the defendant Boynton, on the fifth day of July, 1855, made his promissory note in writing, whereby for value received he promised to pay to the order of the defendant Hathaway, six months from the date of such note, the sum of one thousand dollars, at the Bank of Owego, with interest.   That the defendants, Hathaway, Gray, and Woods, on the same day duly endorsed and delivered said note to the plaintiff; and that when said note became due and payable it was duly presented for payment, to the defendant Boynton, at the Bank of Owego ; and that payment thereof was duly demanded, but the same was not paid ; and that due notice thereof was given to the defendants, Hathaway, Gray, and Woods.   The complaint further states that the plaintiff was the lawful owner and holder of said note, and that the defendants were indebted to him thereupon in the sum of one thousand dollars, with interest thereon from the fifth day of July, 1855.   For which sum and interest and expenses of protest, the plaintiff demands judgment against the defendants, besides costs.   The complaint is duly verified.

The defendants made a joint answer to the complaint in these words, viz :  " These defendants deny any knowledge or information sufficient to form a belief, that the said defendant Austin H. Boynton made the note alleged in said complaint to have been made by him ; or that said defendants, Hathaway, Gray, and Woods endorsed said note, or delivered the same to the plaintiff; or that said note when it became due and payable, or at any other time, was presented to said Boynton, or at said bank for payment ; or that payment thereof was duly demanded ; or that notice of such presentment or demand or of the non-payment of said note was given to either of said defendants; or that they or either of them are indebted to the plaintiff on said note."   The answer is verified by all of the defendants.

Is this answer frivolous ?   Judging it by the following decisions it probably is frivolous.   (10 *How. Pr. R.*, 19 *Ib.* 309, 12 *Ib.* 37, *Ib.* 153, and cases there cited; 1 *Abbotts' Pr. R.*, 187 ; 4 *Sand.*, 708; 8 *How. Pr. R.*, 28.)   By other authorities the answer is good.   (6 *How. Pr. R.*, 329, 7 *Ib.* 171, 5 *Ib.* 321, 6 *Ib.* 321, 11 *Ib.* 477, 14 *Barb.*, 393).   Section 149 of the Code

provides, that the answer must contain, " A general or specific denial of each material allegation of the complaint controverted by the defendant, *or of any knowledge or information thereof sufficient to form a belief.*" This language is unambiguous and general. It prescribes the form for answering in all cases. The answer in this action is in the precise words that the Code declares the defendant may answer.

To hold that such an answer is frivolous, and that the court will *presume* the defendants had personal knowledge of facts, of which they say on oath they had not knowledge or information sufficient to form a belief, is going a step farther than the Code furnishes any warrant for going. How an answer can be frivolous when made in the very words the legislature have declared it may be made, requires much argument to establish. That such an answer is not frivolous is proved by granting that the Code means what it says.

A frivolous answer is one which, if true, does not contain any defence to any part of the plaintiffs' cause of action; and its insufficiency as a defence must be so glaring that the court can determine it upon a bare inspection without argument (6 *How. Pr. R.*, 358).

It is well settled that a denial by a defendant of any knowledge or information of material allegations in the complaint sufficient to form a belief, forms a material issue, which compels the plaintiff to prove such allegations upon the trial. Within this rule the answer in this action contains a substantial defence to the cause of action set out in complaint.

If the facts alleged in the complaint were presumptively within the defendants' knowledge, (as some of the cases hold), the answer is only sham or false but not frivolous. A sham answer is a false answer, and may be stricken out on motion. (*Code* § 152, 6 *How. Pr. R.*, 355). To require defendants to set forth in their answers, facts or reasons to satisfy the court they really have not any knowledge or information of allegations in the complaint sufficient to form a belief, according to the doctrine of some of the decisions, would be like requiring the plaintiff to give reasons in his complaint, to show the court that he actually believes the allegations true which he

states on information and belief. It is sufficient to say the Code requires nothing of the kind.

Much of the difficulty that has arisen in the practice under the Code has sprung from decisions which limit or extend its meaning to meet the apparent justice of particular cases, when the language of the Code itself is plain and unambiguous. It is far better for the people, the bar, and the courts to adhere to plain and rigid rules in the practice of the law, although some injustice is thereby done, than to have an uncertain practice, made up of constructions to meet the necessities of particular and straggling cases. There cannot be much real difficulty in the practice under the Code if its language and meaning are followed. When it is allowed to speak for itself in its own terms it is easily understood; but should the courts engraft incongruous principles upon it it will become a jargon and a snare to the profession. When it says a pleading may be in such and such language, it means what it says; and the courts ought not to declare it means what its language imports in one case but not in another.

If these defendants actually had sufficient knowledge or information to form a belief of matters whereof they have affirmed they had none, then the plaintiff's remedy is by motion to strike out the answer as sham; but the plaintiff, as has already been shown, is not entitled to judgment on the ground that the answer is frivolous, because it forms a material issue, which must be tried at the circuit. If the answer is false such fact must be clearly proved on a motion to strike it out as sham; for perjury in verifying it will not be presumed.

It is proper to add, that where a material issue is formed by the pleadings, the safe course for a party always is to permit the same to be decided upon a regular trial. The propriety of such a course is seldom outweighed by the inconvenience and risks of delay. If wrong decisions are made upon the trial the aggrieved party has a familiar remedy. But enough has already been said in this case. The motion for judgment for alleged frivolousness of the answer is denied, with ten dollars costs.