The Farmers and Mechanics' Bank of·Rochester agt. Smith and others.

---

## SUPREME COURT.

THE FARMERS AND MECHANICS' BANK OF ROCHESTER agt. EDWARD SMITH and others.

Section 152 of the Code confers no authority upon the court to strike out pleas simply as *false*. Nor was there any such practice before the Code. The provision is to strike out *sham* and *irrelevant* answers and defences.

As to *irrelevancy*, this section retains the old practice of the courts of expurgating pleadings of irrelevant and redundant matter as practiced in the court of chancery, upon exceptions for irrelevancy, and in the supreme court upon motion.

Under the old practice a *sham* plea was a special plea setting up new matter, and tendering a fictitious issue. It was one presenting, apparently, a good defence, but which was, in fact, an ingenious and subtle contrivance, false and feigned in its essential particulars. *Falsity* was and is an essential element in a sham pleading.

But a false pleading is p▮▮▮m pleading, unless it also consists of new matter, and tenders an issu▮▮▮ ▮▮▮ne new allegations. The general issue under the old practice, was, therefore, never stricken out as a sham pleading.

We have no general issue under the Code, but it allows what is in part equivalent—a general or specific denial of the allegations of the complaint. An answer confined to such denials cannot be *sham* under any definition of that term ever received or recognized by the courts or the profession.

The *truth* of pleadings not sham or frivolous is to be tried, not upon affidavits, but by another tribunal, whether verified or unverified.

An answer may be frivolous or sham, verified or unverified, and may be struck out as sham, or overruled as frivolous, under section 247.

And when a motion is made to strike out an answer setting up new matter as *sham*, verified or unverified, and the motion is not opposed, or is not met by affidavit, showing that it was put in in good faith, together with an affidavit of merits, it should be granted.

But where the defendant substantially re-affirms the truth of his answer, and makes an affidavit of merits, the answer should stand. The remedy for false swearing in such cases is with the grand jury, and the trial of the truth or falsity of the pleadings belongs to another forum.

The Farmers and Mechanics' Bank of Rochester agt. Smith and others.

*Monroe Special Term, November,* 1857.

MOTION to strike out answer.

The action was upon a promissory note of $600, against maker and indorser, and contained the usual allegations of the making and indorsing of the note and of demand, non-payment and protest and notice. The answer of the defendant Smith, the maker, denied the making of a note of $600, such as was described in the complaint, as therein alleged, and denied the delivery of any such note by him to the payee therein named, and denied being indebted to the plaintiff in the sum of $600, or in any sum whatever on said note, as alleged in the complaint; and for a further answer, denied upon information and belief, all the other allegations in the complaint, *and also alleged that if his,* the defendant's, signature appeared upon the note mentioned in said complaint, that such note was made and drawn for $500, and that the amount for which the same was originally drawn had, since the same was made and indorsed, been altered from *five* to *six* hundred dollars, without his consent or knowledge. The answer was duly verified. The plaintiff now moves to strike out this answer as *sham* and *false*, on affidavits asserting that the statements of the answer was untrue, and exhibiting the original note. The defendants, in answer to the motion ow re-assert in substance, the allegation of the answer, that the note was originally made for $500; that the drawer intended at the time of making the note to draw it for $500; and that he verily believes that it was drawn for the sum of $500; and that it was delivered to the payees as and for a $500 note; and explains the transactions between the parties, out of which the note ow, and the occasion on which it was given; and states several confirmatory circumstances; and says the answer was put in in good faith, and that he believes the material allegations therein to be true, and makes a full affidavit of merits in due form.

W. F. COGSWELL, *for plaintiff.*
O. ARCHER, *for defendant Smith.*

The Farmers and Mechanics' Bank of Rochester agt. Smith and others.

E. DARWIN SMITH, Justice. This is a motion to strike out the answer of the defendant Smith, as *sham* and *false.* Whatever power the court possessed and exercised before the Code, on the subject of purging pleadings of sham, frivolous and impertinent matter, it still possesses.

Section 152 of the Code confessedly confers no new power, but is rather declaratory of the power possessed by the court, as then exercised. The right construction of this section therefore defines the authority and practice of the court, as understood and received by the courts, and by the profession at the time of the enactment of the Code.

Section 152 is as follows : " *Sham* and *irrelevant* answers and defences, may be stricken out, on motion and upon such terms as the court may, in their discretion, impose."

Two classes of answers are here specified, *sham* and *irrelevant.* So far as relates to irrelevancy, the section retains the old practice of the courts, of expurgating pleadings of redundant and irrelevant matter, as practiced in the court of chancery, upon exceptions for irrelevancy, and in the supreme court upon motion.

Under the old practice, a *sham* plea was a special plea setting up new matter and tendering a fictitious issue. The courts were accustomed to strike out such pleas, as tending to embarrassment, delay and vexation to the parties, and also, for the reason, that it was unfit for the court to be engaged in the trial of unreal issues. The court sought to protect its own dignity and self respect, by expunging all such sham pleadings from the record, and bringing parties to the trial of the actual matters in dispute. A sham plea was one presenting, apparently, a good defence, but which was, in fact, an ingenious and subtle contrivance, false and feigned in its essential particulars. *Falsity* was and is an essential element in a sham pleading ; but a false pleading is not a *sham* pleading, unless it also consists of new matter and tenders an issue, upon some new allegations. The general issue was, therefore, never stricken out, as a sham pleading ; because it set up no new

matter, and consisted of a simple denial of the plaintiff's cause of action, as stated in his declaration or complaint.

It is true, we have no general issue under the Code, but it allows what is in part equivalent, a general or specific denial of the allegations of the complaint. An answer confined to such denials cannot be *sham* under any definition of that term ever received or recognized by the courts or the profession. (14 *Barb.* 393 ; 7 *How.* 59 ; 10 *id.* 445 ; *Grant* agt. *Paine*, 12 *id.* 500 ; 1 *Abbott*, 116.)

The answer in this action is in substance nothing but a denial of the plaintiff's cause of action. The statement that the note has been altered, if the signature thereto is genuine, is nothing more than a qualification of his general denial of its execution by the defendant. It is not new matter within the meaning of the rule relating to sham pleas. Within the above definition or description of a sham pleading, the defendant's answer clearly is not such a pleading, and cannot be stricken out as *sham*. But this motion is also to strike out this answer as *false*. Section 152, confers no authority to strike out pleas simply as *false*—nor was there any such practice before the Code. The provision is to strike out *sham* answers, &c. The *truth* of pleadings not sham or frivolous, is to be tried by another tribunal, and not upon affidavits. Some distinction has been made in the cases between verified and unverified pleadings. I agree with my brother STRONG, in *The Manufacturers' Bank* agt. *Hitchcock*, (14 *How.* 406,) that there is no well founded ground for the distinction. An answer may be frivolous or sham, verified or unverified, and may be struck out as such, in cases of a sham answer, or overruled as frivolous under section 247. If a motion be made to strike out an answer, setting up new matter as *sham*, verified or unverified, and the motion is not opposed, or is not met by affidavits, showing that it was put in in good faith, together with an affidavit of merits, it may properly be, and should be, struck out as *sham*. In the case of *The Broome Co. Bank* agt. *Lewis*, (18 *Wendell*, 565,) the court say : " The defendant in this case appears by his counsel to resist this motion, but he

produces no general or special affidavit of merits, makes no pretence that his pleas are true, but on the contrary, by his silence, admits that they are false." In this case there were three formal special pleas, and they were rightly struck out for the reason above assigned. They were truly *sham* pleas. But when the defendant substantially re-affirms the truth of his answer, and makes an affidavit of merits, I think the answer should not be struck out. (*Munn* agt. *Barnum*, 1 *Abbott*, 282.)

The remedy for false swearing in such cases is with the grand jury, and the trial of the truth or falsity of the pleading belongs to another forum.

This motion must be denied, but as I think, upon the merits the plaintiff had reasonable ground to make it, in the uncertain state of the practice, and that the defendant is really laboring under some strange mistake or misconception in regard to the making of the note; it should be without costs, and it is so denied without costs to either party.