Fosdick agt. Groff.

---

## SUPREME COURT.

### Fosdick and others agt. Groff.

A denial in an answer of *indebtedness* as alleged in the complaint, is a denial of legal conclusions deducible from admitted facts, and·is therefore *frivolous*.

Although it is now settled that an answer may be stricken out as false, whether it contains a mere denial or sets up new matter, and whether it is verified or unverified, yet the power of striking out an answer duly verified as false, should be carefully exercised—exercised only in a case *clear beyond a reasonable doubt*.

An averment in an answer, not by way of denial, but alleging as new matter that the plaintiffs are not the real owners of the accounts (or notes,) and that some third persons are, tenders no issue of fact or law, and is clearly *frivolous*.

On a motion to strike out part of an answer and for judgment on account of the frivolousness of the remainder, the court, under § 244 of the Code, may direct the defendant to satisfy to the plaintiffs the amounts admitted by the answer to be just, and that the order be enforced by judgment and execution against the property of the defendant; but without prejudice to the rights of the parties as to any matters properly set up in the answer as a defence.

*Saratoga Special Term, August* 6, 1861.

MOTION to strike out the third defence as sham, and for judgment on account of the frivolousness of the remaining portions of the answer, and for general relief.

McINTYRE FRASER, *for plaintiff.*
A. McFARLIN, *for defendant.*

BOCKES, Justice. By the complaint the plaintiffs seek to recover the amount of their claims against the defendant, to wit : 1st, the amount of a promissory note made by the defendant, for $1311.92. 2d, a claim for deer skins sold to defendant by Austin Kasson, amounting to $1505.76. 3d, a claim for goods and merchandize sold to defendant by Nathan Littauer and Moses Cohen & Co., amounting to $363.21, and which claims, as is alleged, were duly assigned to the plaintiffs.

The defendant, by his answer, *first*, admits that there is due the plaintiffs on the note, the sum of $1311.92, with interest, as claimed in the complaint ; *secondly*, denies that he is indebted to and owes the plaintiffs as alleged ; *thirdly*, sets up a set-off or counter-claim against the demand assigned by Nathan Littauer ; and, *fourthly*, avers that plaintiffs are not the real parties in interest as to the demands assigned to them ; that the demand of $1505.06 belonged to, and was at the commencement of this suit, and still is, owned by Austin Kasson ; and that the other demand of $362.21 belonged to, and was and still is owned by Nathan Littauer.

The first statement of the answer admits the cause of action on the note for $1311.92, as alleged in the complaint. This part of the answer, therefore, offers no impediment to a recovery for the amount claimed on the note.

The second defence is a mere denial of indebtedness as alleged in the second and third counts of the complaint.

In this defence there is no denial of any fact alleged in

either of those counts which go to give the cause of action; hence those facts stand admitted of record.

The denial of indebtedness is therefore a denial of the legal conclusions deducible from admitted facts. (8 *How.*, 273; 16 *How.*, 34.) There are other decisions to the same effect. The second defence is clearly frivolous.

The third defence sets up facts which, if true, entitles the defendant to a deduction of the amount of the note mentioned therein, from the claim of $362.21, sought to be recovered under the third count of the complaint.

On first reading the answer, I supposed that by this defence the defendant claimed a deduction of $30.96 only, but on a careful examination I find that he claims a deduction for the full amount of the note. He sets up that plaintiffs' assignor of the demand for $362.21 before the alleged assignment, received from him a note made by Mr. Harris, dated January 29, 1861, for $98.00, payable four months from date, to apply on the assigned account, but that the full amount of such account is now claimed, notwithstanding such transfer and application of the note. His allegation, omitting other statements, is as follows: " Which account so due and paid by said note, forms a part of said claim so assigned to said plaintiff and claimed in this action; and which said balance of $30.96 was due and is a proper set-off and counter-claim to said accounts assigned and claimed in said third cause of action, *as well as the whole of said note.*" The answer is somewhat informal, but enough is stated in the third defence, if proved, to authorize the deduction of the entire amount of the Harris note. This defence, therefore, is good to the extent of ninety-eight dollars and interest from the time it fell due. To avoid this defence, the plaintiffs move to strike it out as *false*—hence *sham.*

It is now settled that an answer may be stricken out as false, hence sham, as well when verified as when unverified, and whether it contains a mere denial or sets up new mat-

ter. (*The People* agt. *McCumber*, 18 *N. Y. R.*, 15.) This case overrules *The Farmers' & Mechanics' Bank of Rochester* agt. *Smith*, (15 *How.*, 329,) and *Gregg* agt. *Reader*, (15 *How.*, 371,) also several of the cases cited in *Gregg* agt. *Reader; and see Butterfield* agt. *Macomber, ante, p.* 150.)

In support of the motion on this point, Mr. Littauer swears that the Harris note was taken by him of the defendant " as collateral, and to be allowed to said Groff if the same was paid when due." He further states that it was not paid at maturity, and still remains wholly unpaid. In answer to this the defendant reiterates the averments of the third defence somewhat more in detail, and declares that it was taken to apply absolutely, and not on the condition stated by Littauer. The case stands on this motion and on this point on the affidavit of Littauer on the one side, contradicted by the affidavit of Groff on the other. Nor can I discover anything in the papers which should give a preponderance to the statement of the one over the other.

An oral examination and cross-examination of the parties before me, might leave the question in a very different light. But I can only judge from the papers, and to me they there stand equally credible. I am not at liberty, therefore, to say and adjudge that the answer is false. The power of striking out an answer duly verified, as false, should be carefully exercised—exercised only in a case clear beyond a reasonable doubt. As a general rule, the truth of a pleading should not be determined on affidavits, although there may be cases when the falsity of the averment may be so plain that the due administration of justice demands the exercise of this power.

I do not deem this case to be embraced in the class last alluded to. The answer is verified, and when its integrity is assailed, the truth of its statements is reiterated. The case stands oath against oath. The defendant has also sworn that the answer is put in in good faith, and not for

delay, and presents an affidavit of merits. In such a case it would be palpably wrong to adjudge the pleading false and sham. Still, this third defence leaves a balance of the $362.21 admittedly due to the plaintiffs, which result will be hereafter considered.

The fourth defence is directed to the causes of action stated in the second and third counts. It does not, however, deny any material statement in either of those counts, but sets up affirmatively that the plaintiffs are not the real parties in interest; and further, that Austin Kasson is the owner of the $1505.06 demand, and that Littauer is the owner of the claim for $362.21. The motion is to strike out this alleged defence as frivolous.

On examining this defence critically, it will be found to contain no denial of any allegation of the complaint. It may seem to deny, by inference, the assignment of the claim by Kasson; also the assignment of the other demand by Littauer. But on careful inspection, it will be found to deny neither. The complaint avers an assignment by each, and if the transfer was intended to be litigated, the assignments should have been denied by a general or specific denial, or by a denial of all knowledge and information sufficient to form a belief in regard thereto. Instead of this, the transfers to the plaintiffs, with the other averments of the complaint, stand admitted by not being denied, and the answer is, that the plaintiffs are not the real parties in interest as regards those demands. But the facts admitted of record show that they are. The principle involved in this point has been repeatedly established by adjudication. (2 *Duer*, 650, 653 ; 10 *How.*, 309 ; 10 *How.*, 19 ; 11 *How.*, 477 ; 15 *How.*, 266.)

The answer, however, goes further, and avers that Kasson is the owner of one demand and Littauer is the owner of the other. But this does not make the answer good. In *Witherspoon* agt. *Van Dolar*, (15 *How.*, 266,) the answer sets up that the demand on which the action was brought be-

longed to one Meacham. It was held frivolous. The defendant, by not denying the allegations of the complaint, admitted the transfer to the plaintiffs, and in order to show title to the claims in Kasson and Littauer, should have set up a re-transfer from the plaintiffs, or facts giving Kasson and Littauer an interest in the demands.

Then the plaintiffs could have taken issue on such facts. But an averment, not by way of denial, but alleging as new matter, that the plaintiffs are not the real owners, and that some third persons are, tenders no issue of fact or law, and is clearly frivolous.

Thus it is found that what is denominated the first defence, and marked "first" in the answer, is a mere admission, and was not intended to offer any defence to the action; that the second and fourth defences are frivolous; and that the second sets up a defence to the amount of the Harris note. On the whole case, therefore, the plaintiffs ought to recover the several accounts claimed, deducting the amount of the Harris note; on the facts as they appear from the pleadings, and under the general relief asked in the notice of motion, the defendant having appeared and been fully heard, justice may be dispensed according to the clear rights of the parties.

The last clause of section 244 of the Code provides that when the answer of the defendant expressly, or by not denying, admits part of the plaintiffs' claim to be just, the court, on motion, may order such defendant to satisfy that part of the claim, and may enforce the order as it enforces a judgment or provisional remedy. (18 *How.*, 411.) Under this section the plaintiffs may have adequate relief, and an order may be entered directing the defendant to satisfy to the plaintiffs the amounts admitted by the answer to be just, and that the order be enforced by judgment and execution against the property of the defendant, but without prejudice to the rights of the parties as to the matters set up in the third defence,

And if the plaintiffs will give a stipulation to allow the amount of the Harris note as claimed in the third defence, then they may have judgment, final and absolute, for the balance admitted by the answer to be due them, according to the construction here given it.

There are several matters set up in the affidavits on both sides, which have no pertinency on this motion. The good faith of the judgments entered against the defendant in favor of Smith, can not here be considered. So, too, there are some matters of defence stated in defendant's affidavit, which do not come within any issue raised by the answer. For instance, it is insisted in the affidavit that the small demand originally owned by Moses Cohen & Co., belongs to one Myres ; but no such defence is interposed by the answer. On the contrary, it is there stated to belong to Littauer. So, too, it is stated in the defendant's affidavit that part of the goods, the price of which went to make up the item of $329.58 mentioned in the third count, were purchased on a credit to be paid for January 1st, 1862. But the answer contains no such defence.

Let an order be entered in accordance with the views above expressed.