McFARLAND, DODGE & Co. v. LESTER *et al.*

Pleading: SUFFICIENCY OF ANSWER.  An answer which merely pleads, in defense, " that of the truth of no allegation contained in the petition have defendants knowledge or information sufficient to form a belief, wherefore they ask that plaintiffs be required to prove the same," presents, under section 2880, a material issue; and it is error to sustain a motion to strike the same from the files, as frivolous, and enter judgment by default against defendants.

*Appeal from Black Hawk District Court.*

TUESDAY, OCTOBER 22.

PLAINTIFFS filed their petition, duly verified, claiming about six hundred dollars upon a promissory note made by defendants to plaintiffs, dated April 4, 1867, due one day after date.  The action was commenced on the 9th

of May, and on the 29th they answered, "that of the truth of no allegation contained in the petition have the defendants knowledge or information sufficient to form a belief, wherefore they ask that petitioners be required to prove the same." This answer was duly verified. Plaintiffs moved to strike it from the files, as *frivolous*, and for judgment accordingly. The motion was sustained, and defendants failing to further answer, judgment was entered by default.

Defendants appeal.

*A. F. Brown* and *B. W. Poor* for the appellants.

*Powers & Hennessy* for the appellees.

WEIGHT, J. — This answer was verified, and is in the language allowed by the Revision (§ 2880). Thus a

PLEADING: sufficiency of answer.

material issue was formed, and plaintiffs, before they could recover, were bound to prove the material allegations of their complaint. If this is so, then defendants made or presented a substantial defense to plaintiffs' cause of action. Beyond the answer there was no showing. To hold it frivolous, the rule is that its insufficiency must be so glaring that the court can say by its mere inspection that it does not contain any defense to any part of the complaint. The complaint is not that the answer is a sham or a false pleading, made apparent by affidavits or otherwise, but that the court could see at once, without argument, that the defense was frivolous. We confess that we do not see how this can be done, when the answer is in the very language allowed by the statute, and especially when it is verified. Therefore, though not without some doubt, we are of the opinion that such an answer cannot be treated as frivolous.

This subject has received no little attention in the New York courts, and while the cases are not entirely consistent, we believe the decided preponderance is in favor of the conclusion just stated.

The following cases may be consulted: *Leach* v. *Boynton*, 3 Abb. Pr. 1 (making a distinction between a sham and frivolous answer, and disapproving *Edwards* v. *Lent*, 8 How. Pr. 28, and like cases). *Caswell* v. *Bushnell*, 7 Id. 171; *S. C.* 14 Barb. 393; *Mier* v. *Cartlege*, 8 Id. 75; *Broome Co. Bank* v. *Lewis*, 18 Wend. 566; *Genesse Ins. Co.* v. *Moynihen*, 5 How. Pr. 321; *Snyder* v. *White*, 6 Id. 321; *Nichols* v. *Jones*, Id. 355; *Kelley* v. *Barnett*, 16 Id. 135; *Hecker* v. *Mitchell*, 5 Abb. 453; *Shearman* v. *N. Y. Central Mills*, 1 Id. 187; *Rae* v. *Wash. Ins. Co.*, 6 How. Pr. 21; *Temple* v. *Murray*, Id. 329. This last case was by the payee against the maker of a promissory note, the answer was under oath, and in words almost like that before us. The motion to strike was overruled, and a similar order should have been made in this case.

Reversed.