# SUPREME COURT.

SIDNEY B. ROBY *et. al.* agt. EMMA F. HALLOCK, impleaded, &c.

*Answer — when not to be stricken out as sham, false and untrue.*

Where the complaint was upon a promissory note, and alleged that it was "duly indorsed to the plaintiffs before maturity, for value," and the answer was a denial of any knowledge or information sufficient to form a belief whether the note stated in the complaint was ever transferred or indorsed to plaintiffs, as alleged in said complaint, or otherwise; on motion to strike out answer as sham, false and untrue:

*Held,* that, the issue made was a material one, and could not be stricken out as sham.

An answer to a material fact stated in the complaint, denying sufficient knowledge or information thereof to form a belief, makes a good issue, upon which the plaintiff holds the affirmative, and which it is incumbent upon him to prove.

The court has no power to strike out such an answer.

*Monroe Special Term, August,* 1878.

MOTION by plaintiffs to strike out answer as sham, false and untrue.

The complaint is upon a promissory note of $160, alleged to have been made by defendant Hallock, payable to the order of the defendants Meacham and Burr, by which she charged her separate estate and which she delivered to the other defendants, who " duly indorsed the said note in their firm name to the plaintiffs before maturity for value." The answer is a denial of " any knowledge or information sufficient to form a belief whether the note stated in the complaint was ever transferred or indorsed to plaintiffs as alleged in said complaint or otherwise."

*Chas. M. Williams* (*F. M. Bottum,* attorney of record), for motion, cited *Fleury* agt. *Roger* (9 *How. Pr.,* 215);

*Commonwealth Bank* agt. *Pryor* (11 *Abb.* [*N. S.*], 227); *The President, &c., of Agawam Bank* agt. *Egerton* (10 *Bosw.*, 669–673); *People* agt. *McCumber* (18 *N. Y.*, 315); *Kay* agt. *Whittaker* (44 *id.*, 566–573); *Corbett* agt. *Eng* (22 *How. Pr.*, 8; *S. C.*, 13 *Abb.*, 67, *and* 8 *How.*, 9); *The Manufacturers' Bank of Rochester* agt. *Hitchcock* (14 *How.*, 407); *Miller* agt. *Hughes* (13 *Abb. Pr.*, 93 *n*); *McCarty* agt. *O'Donnell* (7 *Robt.*, 431); *Roome* agt. *Nicholson* (8 *Abb.* [*N. S.*], 343); *Hays* agt. *Southgate* (10 *Hun*, 513).

*T. Horr*, opposed.

ANGLE, *J.* — The only question in the case is whether the court has power to strike out the answer, and if it has the power, I am quite satisfied it should be exercised in this case. That the issue made was a material one, was long since settled (*Snyder* agt. *White*, 6 *How., Pr.*, 321; *Leach* agt. *Boynton*, 3 *Abb. Pr.*, 1; *Sherman* agt. *Bushnell*, 7 *How.*, 171), and it cannot be stricken out as sham (*Thompson* agt. *Erie R. R. Co.*, 45 *N. Y.*, 468).

The plaintiffs' counsel cites and relies much upon *Kay* agt. *Whittaker* (44 *N. Y.*, 566), decided by the commission of appeals, in September, 1871, and after the court of appeals had, in the same year, in the cases of *Wayland* agt. *Tysen* and *Thompson* agt. *Erie Railway Company* (45 *N. Y.*. 281, 468), held the other way.

The case of *Kay* agt. *Whittaker* goes much to sustain the *People* agt. *McCumber* (18 *N. Y.*, 315), which judge GROVER says in *Wayland* agt. *Tysen*, did not involve the point, and that it cannot be regarded as an authority for the construction contended for, and the practice has since conformed to the latter case. *Schutze* agt. *Rodewald* (1 *Abb. N. C.*, 365), *Fellows* agt. *Muller* (38 *N. Y. S. C. R.*, 137), *and Farmers and Mechanics' Bank* agt. *Leland* (50 *N. Y.*, 673), appear to cover this case completely.

The motion must be denied, but as it was sustained by *Kay* agt. *Whittaker*, it is without costs.