Ingalls, J.
This action is instituted to foreclose a mortgage, and the defendant, above named, has interposed a separate answer.
This motion is made bjr the plaintiff under section 538 of the Code of Civil Procedure, to strike out such answer as sham.
In regard to the affirmative defense interposed by the defendant, the facts stated in the affidavits read in support of the motion show very clearly that such defense is false, and should not be allowed to remain to delay and embarrass the plaintiff’s action.
Mo answering or explanatory affidavits have been produced by the defendant, not even an affidavit of merits.
The answer is. on information and belief, and no facts are stated as the basis of such belief.
We are unable to regard the answer, in this respect, in view of the facts submitted, other than sham (Kay v. Whittaker, 44 N. Y. 565; Commercial Bank of Rochester v. Spencer, 76 Id. 155; Broome County Bank v. Lewis, 18 Wend. 565).
We fail to discover any other material issue raised by the answer, which entitles the defendant to a trial.
The answer expressly admits the execution of the bond and mortgage as follows: “I. That the bond and mortgage given by the other defendants and described in the complaint was given by said defendants to secure the payment of certain moneys loaned and advanced by the said plaintiff to said defendants.”'
The answer contains the following statement, which is relied upon by the defendant as creating an issue which must be tried before judgment can be awarded to the plaintiff in this action.
“IV. This defendant further says that she has no *85 knowledge or information sufficient to form a belief as to the various allegations in the complaint contained, except as to her interest in the mortgaged premises, and as may be admitted or denied by this answer, and therefore denies each and every allegation in said complaint contained, except as above specified and excepted.
The defendant having expressly admitted the execution of the bond and mortgage; as described in the complaint, as security for the money loaned, the plaintiffs cause of action has become thereby conceded, and all that remains to entitle plaintiff to judgment is a mere .mathematical computation, and, consequently, fché answer is aimed, in this particular, at a mere legal conclusion, predicated of admitted facts sufficient to sustain the same (Fosdick v. Graff, 22 How. Pr. 158; Edson v. Dillaye, 8 Id. 273; McMurry v. Gifford, 5 Id. 14).
If the view thus taken of the pleadings is correct, it follows that the cases cited by the counsel for the defendant—Thompson v. Erie R. R. Co., 45 N. Y. 468; Wayland v. Tysen, 45 N. Y. 281—do not apply.
The motion must be granted, with $10 costs.