THE ROBERT GERE BANK, APPELLANT, *v.* HORACE INMAN, RESPONDENT, IMPLEADED WITH ONONDAGA IRON COMPANY.

*An answer denying, upon information and belief, the indorsement and ownership of a note sued upon raises a material issue, and cannot be stricken out as sham — nor is it frivolous in law.*

Upon the hearing of an appeal from an order denying the plaintiff's motion for a judgment, upon the ground that the respondent's answer was sham and frivolous, it appeared that the action was brought by the indorsee of a promissory note made by the respondent Horace Inman to the order of the Onondaga Iron Company, and that the complaint averred that before the note became due the payee, for value, indorsed, transferred and delivered it to the plaintiff, which became and remained the owner thereof.

The maker, who alone defended the action, served an answer containing simply a denial of any knowledge or information sufficient to form a belief as to the truth of the allegations of the indorsement and ownership of the note set forth in the complaint.

*Held,* that, as the plaintiff could not recover upon the note without proving the allegations referred to, the denial of these allegations raised a material issue and could not be stricken out as sham.

That the rule established by the decisions bearing upon this question is, that an affirmative answer or defense which raises a material issue may be stricken out as sham; but that a general or specific denial which raises a material issue cannot be stricken out as sham when pleaded in a form permitted by the Code of Civil Procedure.

That as a material issue was raised by the answer it was not frivolous in law, and that the Special Term correctly held that the plaintiff was not entitled to a judgment under section 537 of the Code of Civil Procedure.

APPEAL from an order of the Onondaga Special Term, denying a motion of the plaintiff to strike out the answer of the defendant Inman as sham, and for judgment thereon as frivolous, which was entered in the office of the clerk of Onondaga county on November 3, 1888.

*Martin A. Knapp,* for the appellant.

*P J. Lewis,* for the respondent.

FOLLETT, J.:

Appeal from an order of the Special Term, denying plaintiff's motion for judgment on the grounds: (1.) That the respondent's answer is sham. (Code Civil Pro., § 538.) (2.) That it is frivolous. (Code Civ. Pro., § 537.) The action is brought by the indorsee of a promissory note, payable to order, against the maker, Horace Inman, and the indorser, the Onondaga Iron Company. The maker alone defends. The complaint is in the ordinary form in an action by an indorsee against the maker and indorser of a promissory note, transferred for value before due. The answer contains simply a denial of any knowledge or information sufficient to form a belief as to the truth of the allegations of indorsement and ownership set forth in the complaint. The pleadings are verified.

The affidavits upon which this motion was heard show beyond question that the answer is sham, in fact, was interposed in bad faith, and solely for the purpose of delay. The Code of Civil Procedure provides: " § 538. A sham answer or a sham defense may be stricken out by the court, upon motion, and upon such terms as the court deems just." This Code does not define the terms "sham answer" or "sham defense;" neither did the old Code. But the Court of Appeals has held that "sham answer" and "false answer" are synonymous terms. (*The People* v. *McCumber,* 18 N. Y., 315, 321; *Thompson* v. *Erie R. R. Co.,* 45 id., 468, 471; *Fettretch* v. *McKay,* 47 id., 426.) Under this section and the above cases, it has been many times forcibly argued that when a plaintiff shows beyond doubt that an answer or defense, negative or affirmative, is clearly false, in fact, it may be stricken out; and it was so held in

*People* *McCumber* (27 Barb., 632; affirmed, 18 N. Y., 315), where a "specific denial" was stricken from a verified answer. The power was asserted and exercised in *Walker* v. *Hewitt* (11 How., 395), and in *Commonwealth Bank* v. *Pryor* (11 Abb. [N. S.], 227). Whether general or specific denials can be stricken out as sham, under statutory provisions similar to the section above quoted, is a question upon which the courts of other States do not agree. (Bliss Co. Pl., § 422.) Before the Codes, the remedy of striking out a plea as sham or false was confined to such as set up new matter, and was not applicable to pleas which interposed the general issue as a defense. (*Wood* v. *Sutton*, 12 Wend., 235; *Broome Co. Bank* v. *Lewis*, 18 id., 565, 567; *The Farmers and Mechanics' Bank of Rochester* v. *Smith*, 15 How., 329, 331; *Wayland* v. *Tysen*, 45 N. Y., 281; Gra. Pr. [2d. ed.], 251.) Such was the rule, even though the plaintiff was able to establish by affidavits, beyond question, that the plea was false, in fact. Notwithstanding the fact that the old Code was designed to compel litigants to truthfully plead, it was held, following the old rule, that a "general denial" could not be stricken out as sham, though shown to be false in fact (*Wayland* v. *Tysen*, 45 N.Y., 281); and also that a "specific denial" could not be stricken out as sham, though shown to be false in fact. (*Thompson* v. *The Erie R. R. Co.*, 45 N. Y., 468; *The Farmers' National Bank of Fort Edward* v. *Leland*, 50 id., 673; *Claflin* v. *Jaroslauski*, 64 Barb., 463; *The Farmers and Mechanics' Bank of Rochester* v. *Smith*, 15 How., 329.) *Kay* v. *Whitaker* (44 N. Y., 565), does not conflict with *Wayland* v. *Tysen* and kindred cases above cited. The defense stricken out as sham in that case was payment, which has always been held to be an affirmative defense. In *Commercial Bank* v. *Spencer* (76 N. Y., 155); *Bailey* v. *Lane* (21 How., 475), and in *Kay* v. *Churchill* (10 Abb. N. C., 83), the defenses stricken out as sham were affirmative ones, except in *Kay* v. *Churchill*, a denial of a legal conclusion was stricken out. Section 152 of the old Code and section 538 of the present Code are the same in respect to sham answers. Under the present Code (§ 500), as under the old Code (§ 149), denials are either general or specific. The appellant contends that no case can be cited which holds that a general or specific denial may not be stricken out as sham, if shown to be false in fact, where the denial rests solely upon a want of

knowledge or information sufficient to form a belief as to the truth of the allegation so controverted. In *Wayland* v. *Tysen,* and in *Thompson* v. *The Erie Railroad Company* (*supra*), the denials sustained were upon knowledge; in *The Farmers' National Bank of Fort Edward* v. *Leland* (*supra*), the specific denial sustained was averred upon information and belief; in *The Grocers' Bank* v. *O'Rorke* (6 Hun, 18), the specific denial sustained was averred upon a want of knowledge or information sufficient to form a belief as to the truth of the allegations referred to. These cases arose under the old Code, but the rule has not been changed by the Code of Civil Procedure. (*Neuberger* v. *Webb,* 24 Hun, 347.)

A denial of knowledge or information sufficient to form a belief as to the truth of an allegation, is authorized by the Code of Civil Procedure (§§ 500, 524, 526). (*Bennett* v. *Leeds Mfg. Co.,* 110 N. Y., 150; *Snyder* v. *White,* 6 How., 321; *Sherman* v. *Bushnell,* 7 id., 171; *Roby* v. *Hallock,* 55 id., 412; S. C., 5 Abb. N. C., 86; *Leach* v. *Boynton,* 3 Abb., 1). The denial under consideration is a specific denial, and if it raises a material issue (it being pleaded in one of the forms prescribed by the Code), it cannot be stricken out as sham.

The note was payable to the order of the Onondaga Iron Company. It is averred in the complaint that before the note became due the payee, for value, indorsed, transferred and delivered it to the plaintiff, which became and remains the owner thereof. The plaintiff could not recover upon this note without proving this allegation. (Edw. Bills [3d ed.], § 970; Abb. Tr. Ev., 403.) The denial of this allegation raises a material issue, and the denial cannot be stricken out as sham. The result of the cases is, that an affirmative answer or defense which raises a material issue may be stricken out as sham, but a general or specific denial which raises a material issue cannot be stricken out as sham if pleaded in a form permitted by the Code. A material issue being raised by the answer, it is not frivolous in law, and the Special Term correctly held that the plaintiff was not entitled to a judgment under section 537.

The order is affirmed, but the answer having been interposed solely for the purpose of delay, the affirmance is without costs to the respondent.

MARTIN, J., concurred; KENNEDY, J., not sitting.

Order affirmed, without costs.