### CUMINS v. LAWRENCE COUNTY.

An answer denying "knowledge or information sufficient to form a belief" of several matters alleged in a paragraph of the complaint forms a good issue, upon which the plaintiff holds the affirmative, and comes within one of the alternatives allowed by Section 4914 of the Code. 1 S. D. 158. Affirmed.

(Syllabus by the Court. Opinion filed January 19, 1892.)

Appeal from district court, Lawrence county. Hon. CHARLES M. THOMAS, Judge.

This case was first argued in this court Feb. 12, 1890. The opinion thereon is published in 1 S. D. 158. Upon petition of

respondent's attorneys a rehearing was ordered by the court. This opinion is upon the rehearing. The former opinion adhered to. No briefs filed.

*W. G. Rice*, for appellants.

*Martin & Mason*, for respondent and petitioner for a rehearing.

BENNETT, J. For former opinion, see 1 S. D. 158. A rehearing of this case was allowed upon the claim that the respondent inadvertently failed to properly and fully present to this court in his oral argument, and that the court did not consider the point that the so-called denial of Paragraph 4 of plaintiff's complaint, which is contained in Paragraph 3 of defendant's answer, is bad on demurrer, because said denial contains negatives pregnant. Paragraph 4 of the complaint is as follows: "That before the 1st day of March, 1888, the said bond, and said coupon thereto, were duly assigned, transferred, and delivered to the plaintiff for value, and came lawfully into his possession, and plaintiff is a *bona fide* holder thereof." Paragraph 3 of the answer is as follows: "As to Paragraph No. 4 in each of plaintiff's causes of action as alleged in the complaint herein, defendant has no knowledge or information sufficient to form a belief, and therefore denies the same, and remits the plaintiff to his proof thereof." The respondent's contention is that this is a denial of Paragraph 4 of the complaint as though it read: "As to whether, before the 1st day of March, 1888, the said bond, and the said coupon attached thereto, were duly assigned, transferred, or delivered to the plaintiff for value, and came lawfully into his possession, and that plaintiff is a *bona fide* holder thereof, defendant has no knowledge or information sufficient to form a belief, and therefore denies the same." We cannot agree with this construction of this portion of defendant's answer. As we said in our former opinion, this form of statutory denial is not a denial of any of the alleged facts as stated in the complaint, but a mere denial of any knowledge or information concerning them sufficient to form a belief as to whether the allegations of the complaint, or any particular paragraph of it, are true or not. Section 4914,

Comp. Laws, has authorized this form of denial when the party is ignorant of the fact alleged, and cannot deny the allegation, and is not bound to admit it.     As was said in the opinion of the court in the case of Bennett v. Manufacturing Co., 110 N. Y. 151, 17 N. E. Rep. 669, when the court was construing a provision of the New York Code identical with our own:   ''Upon reason, this form of denial would seem to be justified. Information is the source of much—indeed, of the most—that we call knowledge.    We affirm or deny the existence of an alleged fact, either from personal knowledge of its existence, or because we have information thereof which we credit.    This latter is the source of the most of our knowledge of the facts of history, and in the ordinary affairs of life we often accept and act upon facts known to us only by information as fully and confidently as though they were personal incidents in our experience. But assertions of facts are frequently made, of which facts we neither have absolute knowledge, nor are they accredited in such a way as to satisfy us of their existence.   We may not be able either to affirm or deny their existence, or even to form a judgment or belief in respect to them.    It is obvious that each of these several conditions may exist in the case of a defendant brought into court to answer a complaint.   The facts alleged may be true or false to his personal knowledge.   If he has no personal knowledge of their truth or falsity, nevertheless he may have information which satisfies him that they are true or false, and a belief founded thereon.   Still again, we may have no information upon which he can affirm or deny the facts alleged, or, if he has some information, it may not be such as to create a belief one way or the other as to their existence, or whether the assertions made are true or untrue.    In the first and third cases supposed concededly the defendant can put the plaintiff to his proof.   He may do this in the one case by a direct and positive denial, and in the other by denying any knowledge or information sufficient to form a belief as to the existence of the alleged facts.   If the defendant is in the condition of having information and a belief founded thereon that the facts are untrue, but no actual knowledge, unless he can deny

absolutely the allegations of the complaint, or deny them an information or belief, he will be precluded from answering at all, and judgment go against him by default, although the plaintiff might not be able on the trial to establish the facts alleged."

It may be safely assumed that it was not in the mind of the legislature, in framing the rules of pleading, to permit such a result, or to put a defendant so situated in a position where he could not, by his pleading, compel the plaintiff to prove his complaint. When a defendant has positive knowledge of the falsity of a material allegation of the complaint, he may put the same in issue by a positive, unqualified denial; but if he has no knowledge or information upon which he can affirm or deny the facts alleged, or if he has some information, but not such as to create a belief as to the existence or non-existence of the facts alleged, or whether the assertions made are true or untrue, he may put the plaintiff to his proof by denying any information sufficient to form a belief as to the existence of the alleged facts. A denial of any knowledge or information sufficient to form a belief as to a material allegation, or as to all the allegations, of a complaint, forms a complete issue. Richter v. McMurray, 15 Abb. Pr. 346; Snyder v. White, 6 How. Pr. 321; Bank v. Inman, (Sup.) 5 N. Y. Supp. 457; Roby v. Hallock, 55 How. Pr., 412; Sherman v. Bushnell, 7 How. Pr. 171. This denial usually takes the form of an allegation that the defendant has not sufficient knowledge or information to form a belief with respect to the allegation or allegations controverted, and it is not neces- sary to add a denial of the truth of the matter so put in issue, as was done in paragraph 3 of defendant's answer. When he has done this, the answer is complete, and the allegation or allegations are put in issue without further denial. Flood v. Raynold, 13 How. Pr. 112. The addition of matter, however, which in no way detracts from the force of the denial, will not render the pleading ineffectual. Meehan v. Bank, 5 Hun. 439. But the omission of any material part of the statutory formula will have that effect. Elton v. Markham, 20 Barb. 343. In this case paragraph 4 of the complaint alleges that before

March 1, 1888, the bonds and coupons which are the subject matter in controversy were assigned, transferred and delivered to the plaintiff for value, and that he has possession and is a *bona fide* holder of them. The defendant, by its answer, has stated that it has no knowledge or information sufficient to form a belief as to these facts; not alone as to whether they were transferred before March 1st, but as to whether they were transferred at all,—has no knowledge or informrtion as to whether the plaintiff is a *bona fide* holder of the same, for value. These are material allegations. The defendant had a right to controvert them if it could. Whether true or not was a matter not necessarily within its knowledge. It had a right, therefore, instead of denying the truth of the allegations, to put its truth in issue by asserting that it had no knowledge or information on the subject from which it could form a belief. The subject related to all the material facts stated in paragraph 4 of the complaint, and not alone to the time at which the facts took place. Our system of pleading being substantially a fact system, adapted only to substantial issues, which is to be liberally construed, no strained, forced, or technical construction should ever be resorted to in order to bring the pleading within the rules which pertain to the common law practice in relation to negatives pregnant; that is, to negatives which imply an affirmative. Our attention is also specifically called to the form of the denial contained in paragraph 3 of the answer, where defendant uses the following words: "As to paragraph number four, (4) * * * as alleged in the complaint herein, defendant has no knowledge," etc.; and it is contended that this denial appears to go to the form, and not to the substance, of the complaint. We think this contention untenable. The words, "as alleged in the complaint" relate to the plaintiff's cause of action as stated in paragraph 4 of the complaint. Section 4914 Comp. Laws, heretofore referred to, provides that "the answer of the defendant must contend (1) a general specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief." It will be noticed that the denials are

limited to general and specific, and that the last clause does not in terms constitute a denial of the complaint, but is more in the nature of a notice to the plaintiff that, by reason of want of knowledge or information the defendant is unable either to deny or admit the allegations, and hence the plaintiff will be required on the trial to prove them. Either a general or special denial in the form stated in the answer in this case might be insufficient. But taking the view that the statement of want of knowledge or information sufficient to form a belief is neither strictly a denial nor an admission, but simply a notice, we think such a statement should receive a more liberal construction than a denial. When, therefore, the defendant states in its answer that, as to paragraph 4 in the complaint, it had no knowledge or information sufficient to form a belief, it must be taken to mean that, as to all the matters therein alleged, it has no knowledge or information sufficient to form a belief. Any other construction of the answer would, it seems to us, be entirely against the manifest intention of the pleader. Such notice or statement, therefore, is, we think, sufficient to raise an issue that requires the plaintiff to prove the facts stated in the paragraph of the complaint referred to. Seeing no tangible reason for changing our former opinion on this point, it will be affirmed. All the judges concurring,