### ZIVI v. EINSTEIN et al.

(Common Pleas of New York City and County, General Term.  January 11, 1893.)

1. SHAM PLEADINGS—STRIKING OUT DENIALS—WHEN PERMITTED.
   A denial of a material allegation of the complaint, whether general or specific, may not be stricken out as sham.

2. SAME.
   An averment of lack of knowledge or information sufficient to form a belief as to such allegation, is such a denial as prevents striking out the answer as sham.  20 N. Y. Supp. 893, reversed.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Bernard Zivi against Elias Einstein and Louis Nelke to recover the amount of a judgment entered against a corporation of which defendants were stockholders.  From an order of the general term of the city court affirming an order striking out answers as sham, (20 N. Y. Supp. 893,) and from a judgment entered on the order striking out the answers, (Id. 894,) defendants appeal.  Order reversed.  Appeal from judgment dismissed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Townsend, Dyett & Einstein, (B. F. Einstein, of counsel,) for appellants.

James Murphy, for respondent.

PRYOR, J.   The judgment, being by default for want of an answer, is not appealable to this court.   Keller v. Feldmann, 21 N. Y. Supp. 581 (herewith decided.)   But the appellants are not remediless.   We have unquestionable jurisdiction to review the order affirming the order striking out the answer; and, should we find error in the decision complained of, it will be the duty of the court below to reinstate the answers and try the case on the issues raised.   The action proceeds upon section 34 of the act of 1875, c. 611, and is prosecuted to enforce against the defendants, as stockholders, a debt or liability of the Rubolio Company, evidenced by a judgment.   It is equivocal on the face of the complaint whether it counts upon the original liability or the judgment; but, take the case in either aspect, and it is sufficiently apparent that the answers controverted material allegations of the complaint.   If the action proceeds upon the original indebtedness of the company, then the answers traverse in due form (Code, § 500) the alleged loan to the company and its present liability therefor, both of which facts it is incumbent on the plaintiff to establish.   If the action be upon the judgment, then the answers traverse the judgment, and the company's submitting liability on it; both of which facts it is incumbent on the plaintiff to prove.   It is manifest, without more, that the court below had no authority to strike out the answers.   Bank v. Inman, 51 Hun, 97, 5 N. Y. Supp. 457, (opinion of Follett, J., collecting all the cases.)

It is argued, however, that, the action being on the judgment, the defendants are presumed to be cognizant of it, and for support of the proposition our own decision in Ketcham v. Zerega, 1 E. D. Smith, 554, is cited with apparent confidence.   But there the judgment was against the party himself, whereas here the judgment is against a stranger.   Miller v. White, 50 N. Y. 141.   Again, it is urged that the existence of the judgment is not an issue of fact; but in this state the plea of nul tiel record is triable by the jury.   Fasnacht v. Stehn; 53 Barb. 650.   But, should there be a judgment in form against the Rubolio Company, the defendants may impeach it for defect of jurisdiction; and yet, again, should the judgment exist, and be valid, the answers impose upon plaintiff the obligation to prove it still unsatisfied.   Hence, as the answers, by denial, put in issue essential allegations of the complaint, they cannot be stricken out as sham.   Bank v. Inman, supra.   The argument at the bar ranged over a variety of interesting topics; but, indisposed to anticipate the course of the trial, we are content to adjudicate simply the question before us.   Order reversed.   Appeal from judgment dismissed.   No costs to either party.   Trial directed on the answers stricken out, or any amended answers that may be interposed by leave of the court below.   Order to be settled on notice.   All concur.