A special plea, under the statute of double pleading, though it be an ordinary plea, and good on its face; if it be sworn to be altogether false, in fact, by the plaintiff and not pretended to be true, by the defendant, or his attorney, will be set aside on motion, even after replication, demurrer and joinder; and after the plaintiff's attorney has placed it on the calendar for argument; and even after the cause has been tried upon the general issue.

BREWSTER and BOSTWICK *against* HALL and OTHERS.

IN assumpsit. *J. Dickson,* for the plaintiffs, moved to set aside three special pleas interposed by the defendants. The first was a plea of accord and satisfaction, in nearly the common form. The second was, that the parties had stated an account, when a balance was found for the plaintiffs of $700,99; for which the defendants gave their bond, as security; that the plaintiffs had recovered judgment thereon; that one of the defendants paid the judgment in full, &c. These facts were pleaded with great particularity of day, place and circumstance. The third plea was a very formal plea, first of a special accord between the parties; and a formal and particular satisfaction in pursuance of it.

These had been pleaded, according to the statute, &c. with the general issue. The plaintiffs had replied to the special pleas, taking issue to the country; and the defendants had demurred to the replication; and the plaintiffs joined in demurrer. At the last *Monroe* circuit, the plaintiffs took an inquest, pursuant to notice for that purpose, no affidavit of merits having been filed by the defendants.

The plaintiffs' attorney had also placed the demurrers on the calendar of the present term for argument.

The counsel read an affidavit, of one of the plaintiffs, shewing the falsity of the special pleas in point of fact; and this was not denied in any way by the defendants, or their attorney. He cited 2 *B. & A.* 197, 199; 5 *id.* 750; 2 *Cowen,* 634, *and* 637, *note* (*a.*)

*R. M. Morrison* and *G. C. Bronson,* contra, said the court would not interfere in this form, merely because the pleas were untrue in point of fact. (4 *Cowen,* 47-8, *and note.*) Beside, it is now too late to move; the plaintiffs having replied to the pleas, and joined in demurrer to the replications. They must now be argued.

*Dickson*, in reply, relied on *Corbet* v. *Powell*, *note to Shadwell* v. *Berthoud*, (5 *B. & A.* 750,) to show that he was not too late with his motion. In the case cited, the plaintiffs had replied, and there was a demurrer to the replication; yet the plea was stricken out, on motion, as false.

*Curia*, per SAVAGE, Ch. J. The defendants have pleaded a series of sham pleas, without a pretence of merits in their cause, or that the pleas are true in a single particular; and demurrers growing out of them are now gravely placed upon the calendar of the present term for argument. The question is, whether we are bound to sit in judgment upon such a case, or summarily dispose of it upon non-enumerated motion. This subject has lately been twice before us. First in *Steward* v. *Hotchkiss*, (2 *Cowen's Rep.* 634,) when we set aside the plea, it being false in fact; and of somewhat a doubtful character in law; secondly, in *Tucker* v. *Ladd*, (4 *Cowen's Rep.* 634.) In the last case, all the material allegations of the plea were verified by affidavit; and, of course, we refused to set it aside. We also intimated, although this was not necessary to the decision of the cause, that to warrant our interference on a motion to set aside the plea, it must appear not only to be false, but of a doubtful character; and calling for a course of special pleading which might compromit the rights of the parties: and *Young* v. *Gadderer*, (1 *Bingham*, 380,) appended to that case in a note by the reporter, holds a similar doctrine. That case reviews the previous course of decision in the king's bench. There a plea had once been set aside because it raised different issues, requiring different modes of trial, and imposed on the plaintiff an improper difficulty. (*Thomas* v. *Vandermoolen*, 2 *B. & A.* 197.) In *Bartley* v. *Godslake*, (2 *B. & A.* 199,) the court interposed on the ground that the plea was ingenious, and would put the defendant's attorney to the necessity of consulting counsel upon it; and thereby occasion delay and expense. And in *Richley* v. *Proone*, (2 *B. & C.* 286, 2 *Cowen*, 287-8, *note (a) S. C.*,) the K. B. set

aside an ordinary plea of accord and satisfaction, it appearing plainly to be false. The earlier cases were cited by judge *Platt*, the counsel who moved in *Steward* v. *Hotchkiss*, (2 *Cowen's Rep.* 637.) The following cases upon this point are reported in 5 *B. & A.* 750, *and note* (*a*): In *Shadwell* v. *Berthoud*, to an action on a bill of exchange, the defendant pleaded that the plaintiff was indebted to him in a large sum on a recognizance in the exchequer; and the court ordered it stricken out, on the ground that it was obviously intended to gain time, and the attorney would be obliged to consult counsel. In *Body* v. *Johnson*, the defendant pleaded as to one third of the plaintiff's demand, a bond to another; a set-off to one third, and to the residue that he had given a promissory note; and the plaintiff had judgment as for want of a plea. *Corbet* v. *Powell* was debt by an executor on a bond. Plea, that the bond had been assigned and paid to the sssignee; replication and issue. The defendant struck out the similiter, and demurred to the replication. The court interfered even at this late stage of the pleading, and gave judgment as for want of a plea.

The last case furnishes an answer to the objection that taking issue on the plea is a waiver of the motion to strike out. We think this may be done at any time, before the plea is disposed of in the ordinary way, by trial or on demurrer.

In *Merrington* v. *Becket*, (2 *B. & C.* 81,) the authority of *Richley* v. *Proone* is questioned; and the court refused to set aside the plea. It does not appear what it was.

Thus it will be seen that the English cases do not entirely agree as to the kind of pleas which the court will strike out. They do all agree, that the plea must be without pretence in point of fact; but when we come to its legal nature, we find precedents for setting aside both those which are plainly good; and others of a doubtful validity. Sometimes the criterion is delay and expense; and sometimes ingenuity and delusion. In truth, perhaps, no general rule can be laid down on the subject. Courts have never yet

set aside the general issue; but beyond that it seems to me, the matter must in a great measure rest in sound discretion.    The power to set aside sham pleas is now well established.    The great object is to prevent delay and expense to the plaintiff; and consuming the time of the courts in passing upon pleas which are a mere fiction, an unseemly and expensive incumbrance upon the record, and a fraud upon the rule which allows double pleading.    Double pleas are made by the statute, (1 *R. L.* 519, *s.* 10,) dependent on the leave of the court.    To be sure, both in *England* and this state, they are generally pleadable without actual leave.    In *England*, I believe, a rule is still taken out for the purpose; but it is of course.    It has been found more convenient to let the party take his own head; and look to the question of right afterwards.    This is even doing less than the statute authorizes; for an affidavit of the probable truth of the plea might be required in the first instance.    The statute would hardly be satisfied without some sort of restraint.    And where it is admitted, as in the case before us, that the pleas are without colour of truth for their support; where we cannot but see that they are intended as a mere instrument of delay; whatever be their legal merit, (and we admit that one of these pleas is of a very familiar and ordinary character; and unquestionably good upon its face,) we cannot sit here to pass upon them or any question growing out of them; nor should they be retained upon the record.

In this view, the motion must be granted with costs; and the cause, which is on the calendar upon the demurrer, must be stricken off with costs of this motion, and the costs of the plaintiffs, incurred in following up these pleas with a replication, joinder in demurrer, preparation and attendance for argument.