NEW-YORK GENERAL TERM, February, 1850. *Edmonds, Edwards, and Mitchell*, Justices.

## MIER *vs.* CARTLEDGE & FERGUSON.

An answer may be struck out as false, on motion, upon affidavits showing its falsity; notwithstanding that it amounts to the general issue.

But if an answer, or other pleading, is *verified*, as required by the code, a motion to strike it out as false can not be entertained.

To a complaint on two drafts accepted by the defendants, one of the defendants pleaded that he denied that they accepted the drafts, and verified his answer, as required by the amended code. A motion was made at special term to strike out the answer as false, on affidavits showing that the defendants had in several letters to the plaintiff acknowledged their acceptance and liability; and had to an agent of the plaintiff repeatedly promised to pay the drafts. To this motion the defendant made no other reply or objection than that his answer amounted to the general issue, and was verified, and could not be struck out. The judge at the special term granted the motion, and there was an appeal by the defendant to the general term. The case below is reported in 4 *How. Prac. Rep.* 115.

*C. O'Conor*, for the appellants.

*C. Edwards*, for the plaintiff.

*By the Court*, EDMONDS, P. J. The power of the court to strike out a plea as false is not derived from the code; nor is it regulated or touched by it. It is a power which has been exercised for good reasons, as mentioned by the court in the case of *Broome Co. Bank* v. *Lewis*, (18 *Wend.* 565.) It never was applied to the general issue; because under the former practice a defendant had a right, always, to put the plaintiff to the proof of his demand, whether he had any pretence for doing so or not, and that was done by pleading the general issue. If, how-

Mier *v.* Cartledge.

ever, the defendant did not put him to his proof, that is, did not plead the general issue, but pleaded some other matter, without the general issue, such plea might be stricken out as false, though the only plea in the case, and thereby the plaintiff be entitled to sign judgment, without proving his demand. Such was the case of *Richley* v. *Proone*, (1 *Barn. & Cress.* 286.) That it was the only plea interposed, was of no consequence. The rule was not founded on that; but solely on the ground that the defendant had a right, even without any pretence of a defence, to put the plaintiff to proof of his demand. Formerly, if a defendant did not avail himself of this right, but by the form of his plea chose to claim to have a defence, which on the motion to strike it out, he admitted he had not at all, it might be struck out; because there was no reason in justice or good sense why such a plea should stand ; why the courts should be occupied with irrelevant matters and the plaintiff be delayed, perhaps ruined, before he could enforce the collection of a just demand. (18 *Wend.* 567.) This is, as I understand it, the reason why the general issue was never struck out, under the old practice, as false.

If, under the new practice, the defendant has still the same right to put the plaintiff to proof of his demand, even where there is no pretence of a defence, then the rule must still continue, and it was erroneous for the special term to strike out the plea in this case. But if, on the other hand, the defendant has not now a right, of course, and without any defence, to put the plaintiff to proof of his demand, then a plea which merely denies the plaintiff's cause of action, and so amounts to what was formerly the general issue, may be struck out as false, the same as any other plea standing alone might formerly have been.

One great cause of the delay in the administration of justice which has been so prolific a source of complaint with those who look only to the number of causes untried, regardless of the number which are tried, and who seem to be especially attached to that mode of administering justice which has speed rather than order, form, or correctness, has been this very right of a

defendant by interposing a mere formal plea to put the plaintiff to proof of his demand. To avoid the mischievous consequences of the exercise of this right, the courts have resorted to various remedies. One was, requiring an affidavit of merits, to prevent such a mere formal defence putting a cause over the circuit. Another was the general rules of May, 1840, requiring in certain cases a plea in bar to be accompanied by an affidavit of merits. (22 *Wend.* 644, *note.*) And the court, in 18 *Wend.* 567, speak approvingly of the practice in the United States circuit court, forbidding a plea of the general issue to be received without an affidavit of its truth; or a special plea, without a certificate of counsel that it is well founded. And they vainly flatter themselves that, were such a practice adopted in the state courts, they would hear no complaints about delays of justice! Such practice is now in a measure adopted, under the code, in the state courts, and notwithstanding all this, it is still claimed that a defendant has a right, yet, by interposing a mere formal denial of the cause of action, to produce again those very delays.

I am regarding the question now before us, merely as it arises on the answer, without the answer being verified. I shall have occasion, by and by, to inquire into the effect of the verification. At present, I confine my attention to the question whether an answer denying the cause of action and putting the plaintiff to his proof can be stricken out.

Now, I am quite well pursuaded that it was the intention of the code utterly to abolish this mere formal pleading, and to deprive a defendant of the right to put the plaintiff to his proof where there is, in fact, no defence. The answer may contain a general or specific denial of each allegation of the complaint, (*Code,* § 149,) and that denial must be sworn to, if the plaintiff demands it. (§ 157.) And the oath must be that the answer is true of the defendant's own knowledge, except, &c. This is a very different state of things from the old general issue, and plainly says that the defendant shall not put the plaintiff to proof of his case as a mere matter of right and of form. Again, by § 168, any material allegation of the complaint, not specifically controverted by the answer, shall be taken as true, so that

the plaintiff may not be put to his proof, unless the defendant specifically denies the allegations of the complaint and supports that denial by his oath.    Yet again ; if the defendant fails to answer the complaint, the plaintiff may, in certain cases, take judgment for the amount claimed in the summons without any proof whatever, except of the service of the summons, (§ 246.) And so he may do when there is a judgment for the plaintiff on an issue of law. (§ 269.)

Under these various proceedings, it is quite manifest to me that the right which the defendant formerly had to put the plaintiff to proof of his demand as a mere matter of course, is intended to be abolished ; that the general issue with its incidents of giving other defences in evidence under it and of putting the plaintiff to proof of his demand, is done away ; and that an answer or pleading under the present system, is intended to be a vehicle of substantial defence, and not the mere instrument of a formal obstruction to the progress of the cause.    If this is so, then an answer denying an allegation in the complaint may be as well stricken out for falsity as any other answer ; for the reason which formerly existed, taking such a pleading out of the operation of the rule, has entirely ceased to exist.

I am conscious of the full force of the suggestion that this practice may take the trial of questions of fact from the jury, and submit it to the court on affidavits.  But this objection always existed with equal force against the practice of striking out any plea by reason of its falsity ; yet it has for a long time obtained, and as I think for most excellent reasons.    The forms of law will be abused by bad men, do what we may ; and it would be unfortunate indeed if the court should be powerless to correct an abuse which would be a reproach to the administration of justice, by allowing delays through what may properly be termed frauds upon the right of pleading, and occupying the attention of courts in deciding questions which have no foundation in fact.    And there is little danger that the power will be abused ; no more now than formerly, certainly.   Judges are not so anxious to assume the responsibility of deciding questions of fact, and the courts have therefore thrown around the

Mier v. Cartledge.

exercise of this rule very salutary regulations, from which no court will be very willing to depart. And I fully concur with the court when, in 2 *Cowen*, 637, they said they would suffer the pleading to stand upon a very slight suggestion of its truth. We will not try the question on affidavits, and it has never been the practice to require, in answer to such a motion as this, satisfactory evidence of the truth of the plea or answer. A slight suggestion thereof will be enough :—a mere probability of its truth, some reason for believing it to be interposed in good faith, may answer. But where it is manifestly false, where its falsehood is conceded, as in 2 *Cowen*, 637, or its falsehood is sworn to on the one side, and on the other side no general or special affidavit of merits is produced and no pretence is made that the plea is true, as in 18 *Wend*. 567, and in 1 *Barn. & Cress*. 286, there it is the well established practice to strike it out; for in such cases it is clear that no injustice can be done. It seemed to me at special term that this was just such a case. The defendant had been put upon his guard by the notice of the motion to strike out his answer as false, and by the affidavits and letters which had been served upon him showing that the defendants had repeatedly acknowledged their liability and promised payment; yet he produced no evidence of the truth of his answer. He made no suggestion even that it was true; he gave no explanation whatever of the letters; he did not even claim to have any defence, but rested his opposition solely on the ground that he had interposed the general issue, and that that could not be stricken out as false. I was then of opinion that this ground of his opposition to the motion was not well taken. I have on this appeal examined the question again, and at large, and I remain of the same opinion; for I am persuaded that the rule which forbade the striking out of the general issue because of its falsity, no longer exists in our practice.

I am not however quite so well persuaded that I was right in disregarding the fact that the answer was sworn to. And I am inclined to think that I subjected the answer, and its verification, to rather too nice a criticism. I was perhaps misled by what seemed to me from the papers to be an entire absence of all

Mier *v.* Cartledge.

defence, and an assertion on the part of the defendants, of a right which I was convinced the code had deprived them of. The answer denied that they accepted the drafts sued on. In four of their letters they in fact admitted their liability, and to the plaintiff's agent they had repeatedly promised payment. And it seemed to me that there were only two views which I could take of the matter; either that the anwer was unqualifiedly false, or that it was intended to be evasive. I chose the latter alternative as the most lenient of the two, but certainly not without regretting that I was compelled thus to choose, and not without some misgiving that after all the defendants might have a defence on the merits and be precluded from availing themselves of it, by a misconception of the new rules of practice. Therefore it was that I gave the defendants leave to apply for permission to put in an answer, when they could show to the court that they had any pretence to a defence and desired in good faith to set it up. They have not adopted so simple and obvious a mode of relief, but have chosen this more expensive and cumbersome one of an appeal. They rest their appeal on two grounds; that their answer is *the general issue* and therefore can not be stricken out, and that it is *verified,* and therefore can not be.

The first ground I have considered; and it only remains to dispose of the other.

If the answer had in the ordinary language of pleading, in such cases, contented itself with averring that the defendants did not accept, &c. upon the verification of it, I should not have hesitated to let it stand. It was the new formula— new, I mean to me in such a case—with the other circumstances of this case, which excited my suspicion. It is now, however, suggested that there may be a good defence on the merits notwithstanding the letters and promises of payment, and I can well see how that may be so. Had that suggestion been made below, there would have been no occasion for this appeal. Still, I think I was wrong in holding that the verification of the answer was not sufficient to put an end to the motion; and I am inclined to the opinion that when a pleading shall be

Cruger *v.* Douglass.

verified as required by the code, a motion to strike it out as false can not be entertained.

The order of the special term must therefore be reversed. But as this appeal was unnecessary, and the defendants might have had full relief below, if they had chosen there to disclose the fact that they had a defence in fact, it must be without costs of this appeal.

SAME TERM.  *Before the same Justices.*