## SUPREME COURT.

### WINNE agt. SICKLES.

A motion to strike out an answer as false will be denied where it is founded on the *complaint*, which was served without oath, and subsequently verified, for the foundation of the motion. (*See White agt. Bennett*, 7 *How. Pr. R.* 59.) Under the Code, the defendant may deny generally the allegations of the complaint. When he does this, his answer amounts to the general issue, which cannot be stricken out as *false*; or, admitting some of the allegations, he may put others in issue by denying them. In neither case can the answer be said to be a *sham* answer. The defendant has a right to have the issue he has made tried in the usual manner. (*See Nichols agt. Jones*, 6 *How. Pr. R.* 355; *White agt. Bennett*, 7 *id.* 59; *Mier agt. Cartledge*, 8 *Barb.* 75; 2 *Code R.* 125; *Ostrom agt. Bixby, ante, p.* 57; *also the three preceding cases in the superior court.*)

*Albany Special Term, June,* 1852. Motion to strike out the defendant's answer, as false. The complaint alleges that in May, 1850, at the request and for the accommodation of the defendant, the plaintiff became a joint maker with him of a

promissory note for $500, a part of which was subsequently paid by the defendant; that on the 11th of February, 1852, a judgment was recovered against the plaintiff and the defendant for the balance of the note, and that the plaintiff had paid such judgment, amounting to $292,37—for which sum, with interest, he claimed judgment.

The answer denies all the allegations in the complaint, except the recovery of the judgment.    Neither the complaint nor the answer is verified.

The plaintiff, in the affidavit upon which the motion is founded, swears to the truth of the allegations in the complaint, and that the defendant, when being examined upon oath in proceedings before the county judge, under the act to abolish imprisonment for debt, had testified " that he was indebted to the plaintiff in about the sum claimed in the complaint."

The defendant, in his affidavit to oppose the motion, swears that " he has no knowledge or information sufficient to form a belief whether the plaintiff has ever paid the judgment or any part thereof, as mentioned in his affidavit and in the pleadings."

W. BARNES, *for Plaintiff.*
W. S. PADDOCK, *for Defendant.*

HARRIS, Justice.    The same question which this motion presents was decided against the same attorney who makes this motion in White agt. Bennett, in June, 1851. (7 *How. Pr. R.* 59.)    The opinion in that case was delivered *eight months* before Nichols agt. Jones, (6 *How.* 355,) cited by the plaintiff's counsel, arose.    There, as in this case, the plaintiff's attorney had served his complaint without verification.    There, as in this case, the defendant had put in his answer, merely denying the allegations of the complaint, without oath.    And there, too, the plaintiff's attorney, upon an affidavit verifying his complaint, moved to strike out the answer as false.    There, as here, the plaintiff's counsel relied upon the case of Mier agt. Cartledge (8 *Barb.* 75; *S. C.,* 2 *Code R.* 125) to sustain his practice.    I took occasion to show, upon the former motion, that the only question decided in Mier agt. Cartledge was that, when

a pleading is properly verified, it will not be stricken out as false. The question here involved was not before the court, and the remarks of Judge EDMONDS upon this question, although entitled to respect, are but *obiter dicta*. The only other case upon which the plaintiff's counsel relies is that of Nichols agt. Jones. That case will be valuable, undoubtedly, for its *definitions*. The learned judge has, with great clearness, and, in my judgment, with entire accuracy, distinguished between such pleadings as may be treated as *sham*, and those which are *frivolous*; and shown to what cases the several sections of the Code noticed by him are properly applicable. In this respect he has rendered a useful service. But I see nothing in all that is said in that case from which it can be even inferred that the author of that opinion would himself, under any circumstances, strike out, as false, an answer which *affirms nothing*, but merely takes issue upon what is affirmed by the plaintiff. Much less can it be pretended that any such proposition has been decided by him. All that is adjudged in that case is, that, where a plaintiff alleges in his complaint that the defendant is indebted to him on account, for goods sold, in the sum of $684,48, and the defendant in his answer says " he has no recollection sufficient to form a belief as to the specific sum to which the bills of goods amount, and can therefore neither admit nor deny that he remains indebted to the plaintiff in the sum of $684,48," such an answer, though not a *sham* defense, is *frivolous*. It does not amount to a denial of the plaintiff's allegations. Upon this question no two judges would be likely to differ.

The power of the court to strike out a sham or false answer or defence is retained by the 152d section of the Code. The principles by which the court is to be governed in the exercise of this power have not been changed. Under the former practice the plea of the general issue was never stricken out as false. The obvious reason for making this exception is found in the nature of the plea itself. It merely refers the plaintiff to the proof of his cause of action, as he has alleged it to exist. It *affirms* nothing to be true, and, therefore, can scarcely be said to be a sham or false plea. So, under the Code, the

defendant may deny, generally, the allegations of the complaint. When he does this, his answer amounts to the general issue; or, admitting some of the allegations, he may put others in issue by denying them. In neither case can the answer be said to be a sham answer. In either case the defendant has a right to have the issue he has made tried in the usual manner. (See Davis agt. Potter, 4 *How.* 185.)

The motion must be denied, with costs.