## SUPREME COURT.

### LIVINGSTON agt. FINKLE AND OTHERS.

An *answer*, which denies generally and specifically, each and every allegation in the complaint—neither complaint or answer being verified—can not be stricken out as *sham* or *false*.

Why? Because it is not a *sham* answer, where it merely *denies the allegations* in the complaint. And it cannot be stricken out as *false*, because it does not *assert* any thing. It is a *negative* pleading. So far as this question is concerned, it is equivalent to the plea of the general issue under the former system. (*The dicta in Mier agt. Cartledge, 7 Barb. 75, not approved.*)

*Albany Special Term, May,* 1853. *Motion to strike out answer as sham and false.* The action was brought to foreclose a mortgage. The complaint states the execution of a bond and mortgage by George Houton, to the plaintiff, to secure the payment of a part of the purchase money of a farm conveyed by the plaintiff to him; that, on the same day on which the bond and mortgage were executed by Houton, he conveyed the mortgaged premises to the defendant, Finkle, who assumed the payment thereof, and covenanted to indemnify the mortgagor against the same. It then states that a year's interest is due and unpaid upon the mortgage, and asks for the usual judgment of foreclosure.

The complaint not being verified, the defendant, Finkle, put in an answer, without oath, in which he denies "generally, and specifically each and every allegation in the complaint." Upon an affidavit of the plaintiff's attorney, swearing positively to the truth of all the material allegations of the complaint, a motion was made to strike out the answer of Finkle, as sham and false.

S. L. MAGOUN, *for Plaintiff.*
THEODORE MILLER, *for defendants.*

HARRIS, Justice.—In authorizing a *sham* answer or defence to be stricken out, the framers of the Code have but adopted the former practice. See Brewster agt. Bostwick, (6 *Cowen,*

34,) and cases there cited. The rules applicable to such defences, before the adoption of the Code, are equally applicable now. One of these rules was, that the plea of the general issue would never be stricken out as *false*. The reason which has sometimes been assigned is, that the defendant has the *right* to put the plaintiff to the proof of his allegations. Mier agt. Cartledge, (8 *Barb*. 75.) But I am not prepared to admit that this is the true foundation of the rule. It is rather because the plea of the general issue *asserted* nothing, and could not, therefore, with any proper regard to the meaning of terms, be adjudged to be *false*. It was but a *denial* of what the plaintiff had *asserted.*. It charged merely that the pleading, to which it was an answer, was *false*.

Although, strictly speaking, there is no such thing as the general issue, under the present system of pleading, yet the general denial of the allegations of the complaint, as authorized by the present Code, is, in most respects, like it. Such general denial, like the general issue, puts the plaintiff to the proof of his entire cause of action, as he has alleged it in his complaint. Under the general issue, the defendant, after the plaintiff had made a *prima facie* case against him, might proceed to prove almost any thing tending to show that, when the action was brought, the plaintiff had no subsisting cause of action. This he probably would not be allowed to do upon a general denial under the Code. In such a case the only thing at issue would be, the truth of the matters alleged in the complaint. In respect to the question now under consideration, the two kinds of defence are not distinguishable. Neither can be stricken out as false, because neither *asserts* any thing. No instance can be found in which such a *negative* pleading has been adjudged to be *false*. "The practice of striking out sham answers and defences," says Monell, "was never applied to a pleading which, without alleging new matter, merely denied some allegation in the pleading which it purported to answer." (1 *Monell's Pr., 2d ed.* 588;) and see White agt. Bennett, (7 *Howard*, 59.)

Livingston agt. Finkle and others.

The only cases cited by the plaintiff's counsel in support of this motion were Mier agt. Cartledge,- (8 *Barb.* 75,) and Nichols agt. Jones, (6 *Howard*, 355.) The former of these cases, I had occasion to examine in White agt. Bennett, above cited. It is evident, that the learned judge who pronounced the opinion in that case, thought an answer which merely denied some or all of the allegations of the complaint might be stricken out as false. But the question was not before the court, and of course, was not decided. Nor is there any thing in the opinion of Mr. Justice BARCULO, who decided the case of Nichols agt. Jones, which leads me to suppose that he concurs in the views of Mr. Justice EDMONDS, in relation to a pleading like that in question. It was held, in that case, that *a part* of the answer was *frivolous*, and that the plaintiff was entitled to judgment upon that part of the complaint to which this frivolous defence had been interposed. I am inclined to think the decision itself was wrong. I do not understand that a party can obtain judgment under the 247th section of the Code, when *a part only*, of the answer is adjudged to be frivolous. But, in the views of that distinguished judge, in relation to the office of the different provisions of the Code, to which he refers, I entirely concur.

I have thought it worth while to re-examine this question, and to reiterate some of the views expressed in White agt. Bennett, above cited, for the reason that I have observed that practitioners, relying upon the authority of Mier agt. Cartledge, have, not unfrequently, sought to strike out, as false, pleadings of the negative character of that which is the subject of this motion. Such applications have, I think, been very generally unsuccessful.

There cannot be a doubt, in this case, but that the allegations of the complaint are true. The affidavit upon which this motion is founded, puts the matter beyond question. But it was the fault of the plaintiff that the defendant was enabled to interpose a pleading which should put her to the proof of all she has alleged in her complaint. She might, by verifying her own pleading, have required a verified answer from the defend-

ant.   It is not likely he would have sworn to an answer like
that he has now interposed.   If he had, then, even according
to the doctrine of Mr. Justice EDMONDS, the pleading would
have been beyond the reach of the Court.

Satisfied, as I am, that the defendant has really no defence
to the action, it is with some reluctance that I find myself
obliged to deny the motion, and although I ought, perhaps, to
award to the defendant the costs of the motion, absolutely, yet,
under the circumstances, I think I may be justified in directing
that the costs of opposing the motion abide the event of the
suit.   I shall direct that the order be so entered.