JOHN W. THOMPSON et al., Respondents, *v.* THE ERIE RAIL-
ROAD COMPANY, Appellant.

A verified answer, which interposes a general denial to the complaint, is
tantamount to a plea of the general issue under the former system of
practice at law.    Such answer gives to the defendant the right to require
the plaintiff to establish by proof all the material facts necessary to show
his right to a recovery.    It cannot be stricken out as sham, although
shown by affidavits to be false.

Where the answer contains a general denial of several allegations of the
complaint.—*Held*, that as to those allegations, the answer is as fully a
general denial as is an answer denying the whole complaint, a general
denial of all its allegations.    The allegations denied must be met by
proof, and such proof must, in such a case, as well as in that of a general
denial of the whole complaint, be the common-law proof, which the
defendant has the constitutional right to require.    And this rule is
applicable, whether the complaint sets up a claim formerly cognizable
by a court of law, or one entertained only in a court of equity.

The 247th section of the Code gives no power to order judgment upon a
part of an answer as frivolous, where there is a part which is held good.
If it is irrelevant, it may be stricken out as such, under section 152.    And
this relief may be granted on a motion for judgment for frivolousness,
if there is a prayer in the notice of motion for "other or further relief."

In an action by preferred stockholders against a corporation to compel the
payment of a dividend alleged to be due, and charging that the funds
applicable thereto have been diverted to the permanent improvements
and additions of the road, the common stockholders may be proper, but
are not necessary parties.

(Argued April 25th; decided May 23d, 1871.)

APPEAL from the judgment of the General Term of the
Supreme Court of the Third department, affirming an order
of the Special Term striking out part of an answer interposed
by defendant as sham, and holding the rest of the answer
frivolous, and directing judgment for the respondents.

This action was for the recovery of an undeclared dividend
for the year 1869, upon preferred stock.    The New York and
Erie Railroad Company (the predecessor of the appellant),
became bankrupt in 1859.    It was largely indebted to mort-
gage creditors and others.    By a contract between the stock-

holders and creditors, it was arranged that the corporate pro-
perty should be sold under foreclosure proceedings then
pending ; that the defendant should be organized as the suc-
cessor of the old company ; that the mortgage liens should be
continued ; that other creditors, on surrender of their evidences
of indebtedness, should be entitled to an issue of preferred
stock upon certain terms, among others, that the holders of
such preferred stock should be entitled to a yearly dividend
of seven per cent, out of the surplus net earnings, after pay-
ing certain interest and other specified sums. The con-
tract was executed, and was ratified by the legislature.
The plaintiffs claim as holders of certain shares of this
preferred stock. This action is brought to enforce the
declaration and payment of a dividend, under Laws of 1861,
213, section 4. The complaint, after allegations embodying the
above statement, charges that the net earnings of the defend-
ant during the year 1869, amounted to fully enough to pay to
the holders of said preferred stock the dividends claimed. It
charges that defendant has expended a large part of its net
earnings for the year 1869, in permanent additions and
improvements to its property, to the undue advantage of the
holders of its common stock, and expended another large part
in illegal investments and purchases. These three averments
are respectively numbered in the complaint, " eleventh,"
" twelfth " and " thirteenth." The answer, for the first
defence, denies each and every allegation contained in those
paragraphs of the complaint, and avers that the affairs of the
defendant are managed by seventeen directors, of whom no
accounting has been asked respecting the matters set forth in
the complaint. The second defence states that the claims of
the plaintiffs are hostile to the interest of the common stock-
holders, claims that they should be represented in the action,
and discloses the names of some of them, and the names of
defendant's directors. The order under review condemns
the first defence as sham, and the latter part of it as both
sham and frivolous; and the second defence as frivolous.

*Thomas G. Shearman* (*Wm. A. Beach* with him), for the appellant. No hindrances to a speedy trial will forfeit the right to a regular and statutory notice of trial and hearing. (*Lodewick* v. *Ford*, Ct. of Appeals.) The proposition to issue certificates for dividends payable in future has no binding force. (*Barnard* v. *Vt. and Mass. R. R. Co.*, 7 Allen, 512.) The declaration of a dividend is entirely within the discretion of the directors of a corporation. (*Brown* v. *Monmouthshire R.*, 4 E. L. & E., 113 ; *State of La.* v. *Bk. of La.*, 6 La., 745 ; *Ely* v. *Sprague*, Clarke, 351.) No action lies to compel a dividend. (*Jackson* v. *Newark Plank R. Co.*, 31 N. J., 277 ; *Kanes* v. *Genesse and Roch. R. R. Co.*, 4 Abb. N. S., 107 ; *Williston* v. *Mich. South. R. R. Co.*, 13 Allen, 400 ; *Barry* v. *Merch. Ex. Co.*, 1 Sandf. Ch., 280 ; *Luling* v. *Atlantic M. S. Co.*, 45 Barb., 510, 514.) The characters of creditor and stockholder cannot, under this act (Laws of 1862, p. 208) attach to the same subject-matter. (*Williston* v. *Mich. South. R. R. Co.*, 13 Allen, 400 ; *Taft* v. *Hartford and Fishkill R. R. Co.*, 8 R. I., 310 ; *Smith* v. *Chesapeake and O. C. C.*, 14 Peters, 45.)

*James Emott*, for the respondents. Where there has been a failure to pay the dividends at the stipulated time, on account of a deficiency of earnings, the arrears of dividends must be paid from the first profits subsequently accruing (*Henry* v. *Great Northern Railroad Co.*, 27 Law J., 1–16 ; S. C., 4 Kay & Johns., 1–21 ; *Crawford* v. *North Eastern R. R. Co.*, 3 Kay & Johns., 741 ; *Matthews* v. *Great Northern R. R. Co.*, 28 Law J., 375 ; *Smith* v. *Cork and Bandon R. R. Co.*, 3 Irish [Eq.], N. S., 356 ; *Sturge* v. *Eastern Union R. R. Co.*, 7 De G. Macn. & Gord., 158 ; S. C., 31 Eng. L. & E., 406 ; *Stevens* v. *South Dover R. R. Co.*, 9 Hare., 313 ; S. C., 13 Beavan, 48.) The denial was by way of negative pregnant. (*Sherman* v. *N. Y. Central Mills*, 1 Abb., 1871 ; *King* v. *Ray*, 11 Paige, 235 ; *Davison* v. *Powell*, 16 How., 467.) Such a defect can only be reached by motion to strike out, under section 152 of the Code. (*Blake* v. *Eldred*, 18

How., 240, 242; *Reed* v. *Latson*, 15 Barb., 9, 17.)  In view of the evidence produced, and under all the circumstances of the case, the defendant was called upon to produce specific and definite information in relation to the account to entitle the answer to stand.  (*People* v. *McComber*, 18 N. Y., 324; *Manuf. Bank* v. *Hitchcock*, 14 How., 406; *Bailey* v. *Lane*, 13 Abb., 354; *Walker* v. *Hewitt*, 11 How., 395, 400, citing many cases; *Agawam Bank* v. *Egerton*, 10 Bosw., 660; *Lawrence* v. *Derby*, 24 How., 133.)  The defendant occupied toward the plaintiffs the relation of a trustee.  (*N. Y. and N. H. R. R. Co.* v. *Schuyler*, 17 N. Y., 599; *Dodge* v. *Woolsey*, 18 How. U. S., 331.)  The issue, therefore, attempted to be raised by the answer is frivolous.  (*Manning* v. *Tyler*, 21 N. Y., 567; *Fairchild* v. *Ogdensburgh R. R. Co.*, 15 N. Y., 337; *St. Mark's Ins. Co.* v. *Harris*, 13 How., 95.)  The new matter is frivolous.  (*Bates* v. *Androscroggin R. R. Co.*, 49 Maine, 491; *Cramer* v. *Bird*, Law Rep. [Eq.], VI, 143, 148; *Hoole* v. *Great West. R. R. Co.*, Law Rep. [Chan. App.], III, 262–272.)

FOLGER, J.  First.  Had the Special Term the power to strike out the first defence set up in the answer as sham?  A *sham* answer is one that is false, and these words, as applied to an answer, are synonymous.  (*The People* v. *McComber*, 18 N. Y., 320.)  A defence is sham, in the legal meaning of the term, which is so clearly false in fact that it does not in reality involve any matter of substantial litigation.  (Id.)  The first defence set up in the answer is of two parts.  The second part avers that " the affairs of the defendant are managed by seventeen directors, and the plaintiffs have not asked from any of the said directors any accounting in respect to the matters set forth in the complaint."  We find nothing in the papers which shows that this allegation is false.

It is undoubtedly true.  It could not, therefore, be stricken out as sham.  For although it may not involve any matter of substantial litigation, it. is not because it is clearly false in

fact. It will be noticed, however, as we progress, in its character as frivolous or irrelevant.

The first part of the first defence is a general denial of certain material allegations of the complaint.

We have held, in *Wayland* v. *Tysen*, decided *Ante* p. 281, that a verified answer, which interposes a general denial to the complaint, is tantamount to a plea of the general issue under the former system of practice at law; that such answer gives to the defendant the right to require the plaintiff to establish by proof all the material facts necessary to show his right to a recovery; and that it cannot be stricken out as sham, although shown by affidavits to be false. "This was not upon the ground that a false plea was not sham, but upon the ground that a party, making a demand against another through legal proceedings, was required to show his right by common-law evidence, and that *ex parte* affidavits were not such evidence."

"When the general issue under the former practice was," and a general denial under the present practice is, "interposed as a defence, the party had," and has "a right, to a trial by jury, which is secured to him by the Constitution (art. 1, § 2)." In *Wayland* v. *Tysen* the answer was a general denial of the whole complaint. In the case before us, the general denial of the answer is of but a portion of the complaint. Many of the averments of the complaint are admitted, there being no denial of them in the answer. The defendant, it would appear, did not seek to controvert them, and denied, as it might (Code, § 149), the material allegations of the complaint, which it did care to controvert. This section permits "a general * * * denial of each material allegation of the complaint controverted by the defendant." As to those allegations thus denied, the answer is as fully a general denial as is an answer denying the whole complaint a general denial of all its allegations. It puts fully in issue the allegations which are denied, and demands of the plaintiff that he make proof of them. The whole stress of the controversy may be

upon the truth of these allegations, and all other averments be no more material than as inducement.

The allegations denied may be so material as that, without establishing them, the plaintiff must entirely fail in his action. A general denial of but these allegations does then so stand in the way of the plaintiffs as that it must be met and overcome by proof. And such proof must in such case, as well as in that of a general denial of the whole complaint, be the common-law proof, which, as was held in *Wayland* v. *Tysen*, the defendant has the constitutional right to require.

But it may be said that such is the case only in an action seeking relief, according to the rules of the common-law, as was the case above cited. And, indeed, it has been held (as in *Sheppard* v. *Steele*, 43 N. Y., 52), that in an action seeking relief according to the rules of equity, the provision of the Constitution above referred to does not apply. The right of a party to a trial by jury, as there guaranteed, is "in all cases in which it *has been heretofore used.*" As courts of equity did not theretofore use the trial by jury, no right is violated when an action seeking relief from the equity power of the court is heard without the aid of a jury. But though the distinction is of necessity still kept up between equitable and legal grounds of claim or defence, they are administered upon by the same court, and in the same form of action, and with the same mode of pleading. And whether the complaint sets up a claim formerly cognizable by a court of law, or one entertained only in a court of equity, the answer follows the same form. The issue in the action is arrived at in the same mode of allegation. A general denial is the same in either case, and the same rules of practice must apply to it. If it is equivalent to a general issue and puts the plaintiff to the proof of his cause of action in the one case, it does in the other. And if it may not be stricken out as sham, because it is a general denial, in the one case, it may not in the other. And as in the one case, the general denial requires of the plaintiff a trial and the proof of his demand before a jury, so in the other, the

general denial requires of him a trial and the proof of his demand by the production of his witnesses before the proper tribunal in the presence of the defendant, subject to his power of cross-examination. In neither case can affidavits taken *ex parte* out of court determine the issue.

But it is claimed that the first part of the first defence of the answer is a denial by way of negative pregnant, and that such defect in an answer can only be reached by a motion, under section 152 of the Code, to strike out the denial as sham. If this were so (*i. e.*, if it were a negative pregnant), it is doubtful if the plaintiffs could object to it in this way. For the Code gives the right to the defendant to answer by a general denial of each material allegation controverted by him. A general denial of a complaint upon a promissory note, which averred making, indorsing, delivery, presentment for payment, protest and notice, is permissible. Could such a denial be correctly said to be by way of negative pregnant, because it might be, that though the note was not protested, still all other averments in regard to it were true? To require that such a denial should be stricken out as sham, as amounting to a negative pregnant, would be to take away the right to a general denial of any allegation averring more than one fact, and to exact of the defendant a specific denial of each allegation and of each part of every averment. The general denial of an answer has as wide a scope as the allegation of the complaint which it denies, and it puts in issue all which the plaintiff could be permitted to prove under his averment. If the plaintiff chooses to so broadly frame the allegation of his complaint, as that a general denial of it may still leave specifically undenied some part of the matter comprised in the whole of his allegation, he cannot take from the defendant his right of a general denial, and require him to specifically deny each part of the whole which the complaint has alleged. Moreover, it is difficult to see how a general denial can be correctly criticised as containing a negative pregnant. The instances given of it in the books do not show a general issue, but a special pleading negativing some

averment in the words of the averment, or some part of them, leaving without effectual traverse other parts of the averment. Thus, in trespass, for entering the plaintiff's house, the defendant pleaded a license from the plaintiff's daughter, to which the replication that the defendant did not enter by her license was before verdict bad as a negative pregnant, for it did not traverse the averment of the license, and was pregnant with the admission that there was a license. (1 Chitty Pl., 614, margin.)

But a general denial of the whole plea, had such pleading been permissible, would have put in issue the whole averment of the plea. And see *Wall* v. *Buffalo Water-works Co.* (18 N. Y., 119 and 124).

We are therefore of the opinion that the general denial of the first defence could not be stricken out as sham. The second part of the first defence set up in the answer is open to exception. The fact that the plaintiffs did not, before the commencement of their action, apply to any of the directors for an accounting, was not material or relevant. At the most, it could be of avail on the question of costs. And not proved by the plaintiffs, this would be as available upon this question as if pleaded and proven by the defendant. But if the plaintiffs establish the averments of the complaint, they will show the defendant in default; they will show that they had a rightful claim against the defendant which can be enforced by action. The maintenance of that action will not at all depend upon a prior demand of an accounting; for without either accounting or demand for it, it was incumbent upon the defendant and its directors to have made payment to the plaintiffs, and dereliction in that duty rendered the company liable to an action. (*Stacy* v. *Graham*, 14 N. Y., 492.) This part of the answer, though not false in fact, was so entirely immaterial as that it might have been stricken out as irrelevant under section 152 of the Code.

The court at Special Term having stricken out the first answer as sham, and holding the whole second answer frivolous, ordered judgment in the action for the plaintiffs under

section 247 of the Code. If it had been right in striking out the general denial of the first answer as sham, it might have well taken this course; but as the general denial of the first answer must remain on the record as a good answer, demanding from the plaintiffs proof of the allegations put in issue, the court could not act upon the second answer as frivolous. It could not strike it out for that reason; for though so frivolous as to entitle the plaintiffs, if it stood alone, to judgment upon it, it cannot be stricken out, but must remain on the record. (*Briggs* v. *Bergen*, 23 N. Y., 162.) And the better opinion is that the 247th section of the Code gives no power to order judgment upon a part of an answer as frivolous where there is a part which is held good. But the plaintiffs, in their notice of motion to strike out as sham, and for judgment on the answer as frivolous, also asked for such other relief as may be proper.

We have held, in *The People ex rel. Johnson* v. *Supervisors of Delaware County* (*ante*, 196), that, under such a clause in the notice of motion, relief may be given other than that specifically asked for, and to such extent as is warranted by the facts plainly appearing in the papers on both sides. There is no reason why we may not apply this rule to this case. And though the second answer may not be stricken out as frivolous, nor may the plaintiff have judgment thereon, under section 247 of the Code, yet if it shall appear to be irrelevant it may be stricken out as such under section 152.

The substance of the first two paragraphs of the second defence set up in the answer is that the interests of the plaintiffs are adverse to those of the common stockholders of the Erie Railway Company, and that the action cannot properly proceed to trial without some of the common stockholders are made defendants in it. The plaintiffs cannot recover unless they prove that the net earnings of the company have been large enough to pay them a dividend, according to the agreement by which they became preferred stockholders. And they must establish this to the satisfaction of the court, as a matter of fact, and also as matter of law, in view of the ques-

tions of construction of the agreement which are made. If
the plaintiffs do establish this, the common stockholders can,
in the eye of the law, have no interest adverse thereto. Then
the only pretence can be that the directors, whom the common
stockholders have placed in the charge of their property and
interests, will not faithfully defend them against assault, and
will not so resist the plaintiff's action as that the questions of
fact and the questions of law shall be thoroughly tried.

There does not seem force enough in this consideration to
justify a court in holding that an averment of such a fact
coming from the directors themselves is relevant to the mate-
rial issues in the action. If the common stockholders were
before the court, by motion in their own behalf, asking to be
made parties, and showing that the trustees of their own
selection were likely to prove faithless to their trust, the
question would have more weight.

The defendant has cited authorities to us, showing that in
certain cases, where there are claims by one set of stockhold-
ers which will conflict with the interests of another set of
stockholders, it may be proper that both sides of the case
should be represented in court by some from each set. We
do not understand these authorities to hold that this must in
all cases be so, as an inflexible rule. It is a matter in which
the court may exercise its discretion, as to who are necessary
or proper parties, according as the facts and exigencies of each
case appear. We see nothing in the facts of the case before
us demanding the bringing in of common stockholders as par-
ties defendant, or which gives warrant for the answer to that
effect, or which will justify its interposition to the hindrance
of the plaintiffs in their action. In our view, so much of the
second defence of the answer may properly be held irrelevant,
and may be stricken out as such.

The third paragraph of the second defence is also irrelevant.
The plaintiffs allege, as a breach of duty of the defendant to
them, that the persons in authorized control of its funds and
affairs have diverted and appropriated part of its net earnings.
They set up this as a cause of action against the defendant.

If it is, it is no answer for the defendant to point out who those persons are. The plaintiffs have chosen to sue the defendant, who cannot, if the plaintiffs have good cause of action, shift them for redress over to others. If the plaintiffs have no cause of action, proof of the averment of the answer setting forth the names of these persons would not tend to establish that. The persons named are not necessary parties to the action. The plaintiffs are not bound to sue them, either in this action or in another against them. This paragraph in the answer seems utterly irrelevant.

Our conclusion is that the order of the General Term and the Special Term should be reversed, in so far as it strikes out the general denial of the first answer, and as it directs judgment for the plaintiffs in the action, and as it orders a reference to take and state an account; that it be modified so far as it holds the plaintiffs entitled to judgment on the second defence set up in the answer as frivolous, and so far as it strikes out the last paragraph of the first defence, and that an order be entered striking out those parts of the answer as irrelevant; and that except as thus modified or reversed the order of the General Term be affirmed, and that neither party have costs of this appeal as against the other.

All concurring, ordered accordingly.

RAPALLO, J., did not vote.