JACOB WALTER v. ISAAC A. WALTER AND GEORGE H. SMITH.

1 Under our uew practice, a false plea, although it be the general issue and verified by affidavit, may be disregarded and treated as a nullity by the plaintiff, and judgment entered by default, either interlocutory or final, in term time or vacation.

2. Where the plea filed is, on its face, a good plea to the action, the party who treats it as a nullity must do so at his peril.

Walter v. Walker and Smith.

This was an action of *assumpsit*, brought in the Circuit Court of the county of Sussex, on a money demand. On return of the summons, the plaintiff filed and served his declaration. The defendants, in due season, interposed the plea of the general issue, verified by affidavit. The plaintiff disregarded the plea, treated the same as a nullity, and entered interlocutory judgment by default; had his damages assessed by the clerk, entered final judgment, and issued execution. The assignee in bankruptcy of the defendants moved the Circuit Court to set aside the judgment as irregular. The motion was resisted, on the ground, among others, that the plea was a sham plea, filed in bad faith, for the purpose of delay. The parties took affidavits under a rule granted for that purpose. The plaintiff insisted that the affidavits showed the plea to be, in effect, a sham plea, and that, therefore, the judgment was rightly entered.

The case was certified to this court for its advisory opinion, and was submitted on written briefs.

For the motion, *T. Keys.*

Contra, *R. Hamilton.*

DALRIMPLE, J. Sham pleading, at the common law, was the pleading a matter known by the party to be false, for the purpose of delay or other unworthy object. 1 *Chitty's Pl.* 574; 2 *Bouv. L. Dic.* 505; *Stephen on Pl.* 442.

The plea of the general issue was never denominated a sham plea, because it was a mere denial of the plaintiff's allegations. It introduced no new matter by way of defence, but simply put the plaintiff to the proof of his case. This the defendant had the right to do in all cases, without the suggestion of a defence. Any other plea might be stricken out as false. *Mier v. Cartledge*, 8 *Barb.* 75; *Brewster v. Hall*, 6 *Cow.* 36; *Coswell v. Bushnell*, 14 *Barb.* 395; 3 *Chitty's Pr.* 729.

But under our new practice, the defendant has not the right without a defence to put the plaintiff to the proof of his demand. By the act of 1851, (*Nix. Dig.* 732, § 110,[*]) the plaintiff in any action at law may, when the defendant shall have omitted to file a plea or demurrer within the time required by law, enter, either in term or vacation, rule for judgment by default, either interlocutory or final, as he would .by law have been entitled to if such rule had been applied for in open court, and for the purposes of that act any similar plea or demurrer, or sham plea, or plea irregularly pleaded, may be treated as if the same had not been filed. By the act of 1855, (*Nix. Dig.* 737, § 155,[†]) every plea or .demurrer shall be treated as a nullity, unless accompanied by an affidavit that the same is not intended for the purpose of delay, and that the applicant verily believes that the defendant hath a just and legal defence to the action on the merits of the case. If, therefore, the plea of the general issue is filed when the defendant has no defence, it tends only to illegal delay, and comes within the definition of a sham plea. If it be said that if the general issue may be stricken out as a sham plea, or regarded by the plaintiff as a nullity, the defendant will be deprived of a trial by jury, the answer is that the practice in this country, as well as in England, of striking out false pleas, other than the general issue, whereby the defendant may be deprived of a trial, is well settled. It cannot be said that the party is deprived of a trial if he has nothing to try.

The plaintiff who treats any plea which, on its face, is a good bar to the action, as a nullity, and enters judgment as for want of a plea, must do so at his peril. He must clearly prove his right so to treat the plea at the risk of delay and costs, and, perhaps, an action for damages. The court will not try the case on affidavits, nor allow the pleading to be disregarded, if there is any reasonable probability of its truth. In other words, the falsity of the plea must be apparent.

In this case, under a rule to take affidavits, the plaintiff having shown, to the satisfaction of the Circuit Court, that the plea was not filed in good faith, but for the purpose of

[*] *Rev.*, p. 870, § 144.    [†] *Rev.*, p. 866, § 114.

delay, and that the defendants had no defence to the action on the merits, that court should be advised that the plaintiff could lawfully treat the said plea as a sham plea, and enter judgment.

The view taken of the question already discussed renders it unnecessary to consider the other questions certified, and the Circuit Court must be advised to deny the motion to set aside the judgment.

BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL concurred.