# N. Y. SUPERIOR COURT.

JEROME B. FELLOWS agt. CATHARINE MULLER and another.

*Answer stricken out as false and sham.*

An answer containing a general or specific denial of each material allega-
tion of the complaint controverted, duly verified, cannot be stricken out
as sham.

Although the language of section 152 of the Code states that "sham and
irrelevant answers and defenses may be stricken out," a general or
specific denial of material allegations of the complaint may not be so
disposed of.

The admission by a defendant in his answer, of specific portions of a com-
plaint, accompanied by a general denial of each and every other allega-
tion, puts in issue such other allegations.

As the order appealed from strikes out the entire answer, which contained
a denial of material allegations of the complaint, it was unauthorized.

*General Term, October,* 1874.

*Present —* VAN VORST *and* SPEIR, *JJ.*

*Thomas Brennan,* for appellant.

*Hatch & Van Allen,* for respondents.

*By the Court —* VAN VORST, *J.* — Under the former system
of pleading, a plea of the general issue could not be stricken
out as sham.   The defendant had the right by such plea, to
put in issue for trial, in the ordinary way in which issues of
fact are tried, all the material allegations of the declaration.
"Courts have never set aside the general issue" (*Brewster
and Bostwick* agt. *Hall and others,* 6 *Cow.,* 34; *Broome
County Bk.* agt. *Lewis,* 18 *Wend.,* 566).   Under the Code

the defendant's answer may contain a general or specific denial of each material allegation of the complaint controverted by him (*Code*, § 149).

And when an answer contains such a denial, and is verified in the manner prescribed by law, it cannot be stricken out as sham ( *Winne* agt. *Sickles*, 9 *How. P. R.*, 217; *Wayland* agt. *Tysen*, 45 *N. Y.*, 281; *Thompson* agt. *Erie R. R. Co.*, 45 *N. Y.*, 468).

But as special pleas under the former system might be stricken out as false and sham, so affirmative defenses in an answer, or an answer containing affirmative defenses without a general or specific denial of material allegations of the complaint, may be so treated under the Code on similar grounds (*Stewart and others* agt. *Hotchkiss*, 2 *Cowen*, 634; *Brewster* agt. *Hall, supra; Code*, § 152).

But so reluctant was the court to strike out a plea setting up new matter by way of a defense, or special plea when properly pleaded, that it would be allowed to stand upon a very slight suggestion of its truth (*Stewart* agt. *Hotchkiss, supra*).

Although the language of section 152 states that "sham and irrelevant answers and defenses may be stricken out," a general or specific denial of material allegations of the complaint may not be so disposed of.

The answer of the defendant, which was stricken out by the judge at special term as false and sham, concludes by stating, "that except as hereinbefore admitted or denied, this defendant has no knowledge or information sufficient to form a belief as to whether or not the matters set forth in said complaint are true; and she therefore denies the same, and each and every allegation thereof, and she demands that the complaint may be dismissed." In the commencement of the answer the defendant admits the execution by her of the bond and mortgage sought to be foreclosed.

There is no other clear and unqualified admission in the answer.

The admission of the execution of the bond and mortgage concedes that the same, with all its terms and conditions, is properly set forth in the complaint. But every other allegation is denied. While, therefore, the answer admits the allegation in the complaint " that in and by said mortgage it was provided that in case the party of the second part (the mortgagee) should effect insurance on said premises, the premiums should be due and secured by said mortgage " it must be held to deny the allegation in the complaint that " such insurance was effected by said plaintiff" and paid for by him. This is a material allegation of the complaint, and is accompanied by a claim on the plaintiff's part that in addition to the principal sum and interest, secured by the mortgage, the premium for insurance is due thereon. Under such an issue the plaintiff on the trial would be obliged to prove the payment by himself of such insurance premiums.

With such a material issue formed, it is unnecessary to inquire whether or not other issues are not raised by the defendants' denial, such as the assignment of the bond and mortgage to the plaintiff as alleged in the complaint, and which is claimed to be indirectly admitted, and whether or not the allegation of the defendants' default, by which plaintiff claims the whole amount of the mortgage to be due presently, is not also put in issue.

The admission by a defendant in his answer, of specific portions of a complaint, accompanied by a general denial of each and every other allegation, puts in issue such other allegations (*Allis* agt. *Leonard*, 46 *N. Y.*, 688).

We are, however, satisfied that the affirmative defense set up in the answer, of the payment of the interest on the bond and mortgage, is false, and that that defense could have been stricken out on the motion as sham. The answer does not allege that this interest was paid to the plaintiff, nor does it state to whom or where paid. The affidavits used on the motion show conclusively, that the interest has not been paid, but that the money for such payment has been placed by the

defendant in the hands of her counsel, who argues this appeal, and that he still holds the same unapplied to such purpose. And that the receipt which defendant claims to hold for the payment of such interest, is signed by her own counsel, acknowledging the receipt *by him* of such moneys for such purpose.

This defense is clearly sham, and should not be allowed to stand. The affidavits used on the motion on the defendants' behalf, clearly show that these moneys have never been paid to the mortgagee or plaintiff, or any claimant whomsoever.

The order appealed from strikes out the entire answer. As it contained a denial of material allegations of the complaint, this, under the authorities above cited, could not be done.

But as the notice of motion, on the plaintiff's part, asked not only for the relief granted, but also for such other or further order as might be just, and as the defendant appeals from each and every part of the order, we can upon this appeal make such order as should have been granted by the judge below, upon the pleadings and affidavits.

The order appealed from should be so far modified as to strike out the second defense in the answer as sham, and that except as so modified the order appealed from be reversed and that neither party have costs of the appeal as against the other.