(4 Misc. Rep. 505.)

GARDENIER v. ELDRED.

(Supreme Court, Special Term, Oneida County. July, 1893.)

PLEADING—SHAM ANSWER.

An answer will not be stricken out as sham, where it denies several of the allegations of the complaint, and it is shown by affidavit that such denials were made in good faith.

Action by W. H. Gardenier against Hiram Eldred. Plaintiff moves for an order "striking out, as frivolous, false, and a sham, the second pretended answer served in the above action, verified June 13, 1893, and served June 14, 1893, and on the grounds (1) that the entire answer is false in fact, and insufficient in law, for any purpose, and tenders no issue; (2) that the said answer contains no general or specific denial of any of the material facts alleged in the complaint; (3) that it is a sham answer, interposed solely for delay. Also, that application will then and there be made for a judgment on the pleadings, and an application for findings of fact, and for an inquest or reference to assess the damages, as the proofs shall warrant, and such other or further relief as to the court shall seem fit and proper, with costs of this motion." Denied.

W. H. Gardenier, in pro. per.
C. N. Bulger, for defendant.

HARDIN, J. Affidavits read by the defendant satisfactorily establish the fact that the answer was not served in bad faith, or for the purpose of delay. Mr. Bulger's affidavit says that, after a conference with his client, he drew the answer, and stated the matters therein, "in good faith, and that deponent verily believes said answer is true." The plaintiff must therefore fail on that branch of his motion. It seems this action was commenced on the 13th of March, 1893, some time after the decision made by Judge Vann striking out a portion of the judgment entered in the former action between this plaintiff and Eldred and Morehouse. Having obtained that relief upon the motion, there is no occasion to seek the same relief in this action presented by the papers read on the motion.

2. The amended answer served by the defendant in this action contains several denials, and it is shown by the affidavits in behalf of the defendant that they were inserted in the amended answer in good faith. In Wayland v. Tysen, 45 N. Y. 281, it was held, "The court has no power to strike out as a sham an answer consisting of a general denial of the material allegations of the complaint." In Thompson v. Railroad Co., Id. 468, it was said that an answer "cannot be stricken out as sham, although shown by affidavits to be false." Near the close of the opinion in Newman v. Supervisors, Id. 691, Folger, J., says: "It is sufficient to say that it is a general denial, and cannot be stricken out on motion as false or sham. The second answer is the denial of certain material allegations of the complaint. It is good in form. It puts in issue allegations which must be proved or admitted before the plaintiff can recover." See,

also, Fellows v. Muller, 48 How. Pr. 82; Reynolds v. Craus, (Sup.) 16 N. Y. Supp. 792. Plaintiff, in his complaint, has set out certain evidentiary facts, and thus has, to some extent, made an involved pleading. The answer served by the defendant admits certain facts stated in the complaint, and denies, or avers a want of knowledge or information sufficient to form a belief as to the truth of, several of them. After reading the allegations of the complaint, and the admissions that are made in the amended answer, and giving due weight to the denials that are found in the amended answer, the opinion is entertained that the plaintiff has not made a case, upon this motion, entitling him to judgment on the pleadings, or to findings of fact, or an inquest, or a reference to assess the damages; and without further criticism and comment upon the complaint or upon the amended answer, it is intimated that the issues framed by the pleadings may properly be disposed of upon the trial, where it is possible to ascertain the truth upon conflicting statements more satisfactorily than upon conflicting affidavits, such as are found in the motion papers now before the court. The foregoing views lead to the conclusion that the motion should be denied. As the motion asks for costs, it is proper that it should be denied with costs. An order may be prepared in accordance with the foregoing opinion, and, if assented to, may be presented to the clerk of Oneida county, to be certified by him, with all the papers, to the Oswego county clerk, to be entered therein, where the papers, after being marked by the clerk of Oneida county as read on the motion, will be certified, to be filed in Oswego county. If the parties do not agree upon the terms of the order, either side may have the order settled before me upon five days' notice.