## ADAMS v. WESTERN MARYLAND R. CO.

## BUSH v. ADAMS.

(Circuit Court, S. D. New York. May 18, 1908.)

PLEADING—SHAM ANSWER.

A verified answer, even if false, cannot be struck out as sham, when it amounts to a general denial of the complaint, or a denial of any material averment therein, and the issues raised thereby must be tried as questions of fact.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1120–1128.]

In Equity. On motion by defendant for order for trial.

Bangs & Van Sinderen, for plaintiff.

Pierce & Greer, for defendant.

WARD, Circuit Judge. The defendant moves for an order nunc pro tunc permitting the issues to be tried in accordance with section 1778 of the New York Code of Civil Procedure. The complaint avers that the plaintiff is the owner and holder of the notes sued upon. Section 90 of the negotiable instruments law of New York enables the holder to sue in his own name, but the averment that he is the holder is a material one, which he must prove in order to make out his case. The verified answer of the defendant, denying this averment on information and belief, presents an issue which the defendant is entitled to have brought before a jury. A verified answer, even if false, cannot be struck out as sham, when it amounts to a general denial of the complaint (Wayland v. Tyson, 45 N. Y. 281), or of any material averment of the complaint (Thompson v. Erie Railway Company, 45 N. Y. 468).

Another material issue is raised by the denial of the sale of the collateral, because the sale made did not conform to the terms of the power of sale. If there were in point of law no sale, the plaintiff at the time of the trial should be treated as still the holder of the collateral and bound to account for its value, either by way of credit on the notes or in another action to be brought by the defendant.

Motion granted.